THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*
JOHN C. FITNAM.

*v.*

CITY OF GALESBURG.

JURISDICTION IN CHANCERY—*where there is a remedy at law.* A court of chancery has no power to prevent the holding of an election of officers, upon the alleged ground of a want of authority to hold such an election, the remedy therefor being complete at law, by the writ of *quo warranto.*

APPEAL from the Circuit Court of Peoria county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Mr. Robert G. Ingersoll, Attorney General, and Mr. John C. Fitnam, for the relator.

Messrs. Frost & Tunnicliff, for the respondent.

Mr. Justice Walker delivered the opinion of the Court:

This was a suit in equity, brought by the People of the State of Illinois, on the relation of John C. Fitnam, against the City of Galesburg, to restrain it from proceeding to elect supervisors to represent the city in the Board of Knox county.

The right to elect such supervisors is claimed to be conferred by an act of the legislature, approved on the 27th of February, 1867 (Private Laws, vol. 3, p. 411). The act declares that the towns of Galesburg and West Galesburg, not embraced in the city of Galesburg, shall constitute the town of Galesburg. It also makes provision for the division of the town property, and declares that the city of Galesburg shall not be in any town.

The 9th section declares that at the annual city election, there shall be elected in the city, one or more supervisors, but the number not to exceed the number of wards in the city, and not more than one for every four hundred legal voters residing in the city.

The 12th section authorizes the city council to appoint persons to fill vacancies in the office of supervisor.

The 13th section requires the mayor of the city to cause the act to be published two weeks before the first Monday of the ensuing April, at which time a vote is required to be taken for and against division of the towns, as provided in the act, and if the majority of the votes cast should be in favor of division, then the act to be in full force and effect. If a majority should be against, then the act to be null and void.

The bill charges that the act was not legally published; that a legal election was not held, and the act was not in force

when the election was held. It is charged that the act is unconstitutional and void ; that it destroys township organization in the city of Galesburg, and divides the property of the towns of Galesburg and West Galesburg, without their consent. It is charged that the city authorities claim that there are two thousand legal voters in the city, but denies that there have ever been, at a general election, polled more than from twelve to fourteen hundred, and that they do not exceed the latter number; that they wrongfully claim that under the act they are entitled to elect five or more supervisors in the city; that the effect of the act is to give to the city an unequal representation in the board of supervisors of the county; the effect of the act is to increase the expenses of the county by paying additional supervisors for their services, and otherwise; that the .mayor and city council have divided the city into three election precincts, and have provided for the election of two supervisors in the first two precincts and one in the third, while neither of the first two has eight hundred legal voters, nor has the third four hundred; that the city clerk claims to have power, under the act, to give notices for the election of such supervisors.

The bill prays that the mayor, common council, and officers of the city, be restrained from executing the law, and to restrain the city clerk from issuing notices for calling an election to choose supervisors, or certifying to their election. To this bill defendants filed a demurrer, which the court below sustained, and rendered a decree dismissing the bill. The cause is brought to this court, and the rendition of the decree on the demurrer to the bill, is assigned for error.

Courts of equity assume jurisdiction in cases where a wrong is done, for which there is no plain, adequate and complete remedy in the courts of common law. Story's Eq. vol. 1, § 49. The origin of courts of equity was owing to the incomplete administration of justice, to correct which they gained an establishment. They have at all times assumed the power

only of enforcing the principles upon which the courts of law decide, where the powers of those courts, or their modes of proceeding, are insufficient for the purpose ; in preventing those principles when enforced by the courts of law, from becoming (contrary to the purpose of their original establishment,) instruments of injustice ; and of deciding on principles of universal justice, where the interference of a court of judicature is necessary to prevent a wrong, and the positive law is silent. Hence, as a general rule, where a court of law has jurisdiction, and its rules and modes of proceeding enable it to do adequate and complete justice, equity does not assume jurisdiction. It is true, that in a class of cases, chancery originally had exclusive jurisdiction, and the courts of law have since assumed jurisdiction, or it has been conferred by statute, in which cases the courts of equity still retain jurisdiction, and it has become concurrent.

And there are others in which, owing to the rigid rules and the forms of proceeding prescribed by the common law, courts of law are not able to administer complete justice.

Does the case at bar fall within the rule, or its exceptions ? It is admitted, and such is unquestionably the law, that if an election were held, and supervisors were elected, and the law is unconstitutional, or it has failed to be adopted in the mode prescribed by its own provisions, by resorting to the common law writ of *quo warranto,* those questions could be fully determined and authoritatively settled in a court of law, and if the election was unauthorized, and the persons claiming were not officers, the court would render a judgment as definitive as a decree in equity, ousting them from the offices they may have usurped. It then follows, that if a court at law has jurisdiction to try and decide all questions arising out of the attempt to carry the provisions of this act into effect, and if found to be invalid, oust the officers claiming to have been elected, the court of law has jurisdiction in this case.

There is no pretense that such jurisdiction has been conferred by statute, and is therefore concurrent. Our statute creating the court of chancery, has conferred the ordinary equity jurisdiction of courts of equity, and we have to look to the sources of equity jurisdiction as they have been transmitted to us by adjudged cases, and the text writers on the subject. Nor is the jurisdiction or power of a court of law so incomplete that it is unable to administer ample, complete and as exact justice as could a court of equity in this case. A court of equity, then, cannot assume jurisdiction of the case because of the defective powers of a court of law to do complete justice.

It is, however, urged that it may be that the action of the court of law would be too tardy, and that more speedy justice could be administered in a court of equity, and therefore the remedy at law is not so complete as equity would afford. Experience teaches, that, of the two tribunals, courts of law proceed with more celerity than courts of equity. But if they did not, still the rapidity or the speed with which causes may or may not be tried in courts of law, does not, nor can it, affect their jurisdiction. That is not what text writers and judges mean when speaking of complete justice. We are aware of no case, nor do we believe one can be found, which bases equity jurisdiction upon such considerations.

If it be meant that a court of equity can grant a temporary injunction to stay the election, or prevent the officers elect from acting, until a final hearing, the grounds are not well taken. A temporary injunction is but a matter of discretion, and a court would hesitate long before granting an injunction to stop the holding an election, or to prevent an officer from entering upon the discharge of official duties, even if equity had jurisdiction, at least until after a final hearing of the case. We are aware of no well considered case which has enjoined the holding of an election, or prevented an officer of the law from giving the required notices for, or the certificate of election.

62—48TH ILL.

To sanction the practice of granting temporary injunctions in such cases, would be highly calculated to obstruct the various branches of government in the administration of public affairs. Courts of equity can have no such power, otherwise any and all elections might be prevented, and government greatly embarassed.

For these reasons, we are of the opinion that the court below committed no error in dismissing the bill, and the decree must be affirmed.

*Decree affirmed.* ·

Mr. JUSTICE LAWRENCE took no part in the decision of this case.