CITY COUNCIL OF CITY OF McALESTER *et al.* v.
MILWEE *et al.*

No. 2894.    Opinion Filed March 12, 1912.

(122 Pac. 173.)

1.    **INJUNCTION—Jurisdiction—Holding of an Election.** A court of
equity ,has no jurisdiction to restrain the holding of an election,
since the right involved is a political one.

2.    **SAME—Parties.** A taxpayer has not such an interest in a suit
to enjoin the holding of an election to recall the mayor of a city
of the first class in pursuance to the provisions of its charter as
will entitle him to prosecute such suit as a complainant.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Bill by Tal Milwee and others against the City Council of
the City of McAlester and others. Judgment for plaintiffs, and
defendants bring error. Reversed and remanded, with directions
to dismiss.

*T. D. Davis,* City Atty., *Harley & Miller,* and *James H.
Gordon,* for plaintiffs in error.

*Andrews & Day,* for defendants in error.

KANE, J. This was a suit in equity commenced by the de-
fendants in error, plaintiffs below, against the plaintiffs in error,
defendants below, for the purpose of enjoining the proper officer
or officers of the city of McAlester from calling an election for
the purpose of submitting to the electors of said city the question
whether the mayor of said city should be recalled. Plaintiffs
allege that they are voters and taxpayers of said city, and that
they and each of them are owners of property in said city, and
the same has been assessed for taxation for the year 1911; that
they are liable for their proportionate share of all public ex-
penses incurred by said city; that the sections of the charter of

said city which provide for the recall of city officers are uncon-
stitutional and void, for several reasons, which are fully set out,
and for said reasons said defendants are without authority to
call said election; that, if same is called, it will be illegal, void, and
without any effect whatever; that to hold same would occasion a
great expense and outlay of public money of the city of Mc-
.Alester, their due proportion of which plaintiffs would be com-
pelled to pay. All of which would occasion plaintiffs an ir-
reparable injury, for which they are without an adequate remedy
at law. Wherefore they pray that the election shall be enjoined.
Upon final hearing, the peremptory writ of injunction was issued
by the court below upon the ground that the contention of the
plaintiffs as to the unconstitutionality of said charter was well
taken, to reverse which this proceeding in error was commenced.

Counsel for the respective parties seem to have refrained
from presenting to this court the question whether the parties
plaintiff below as taxpayers had such an interest in the subject-
matter of the suit as to entitle them to prosecute the same, and
whether a suit in equity will lie to enjoin the calling of an elec-
tion. They say that, whilst the first of these contentions may be
made upon authority, they are so anxious to have this court
pass upon the case upon its merits that they do not wish to urge
that question in this court. The court does not take that view
of the matter; we think it is time enough to pass upon such im-
portant questions when they are reached in due course, with
proper parties, in a proper proceeding. Many applications have
been made to this court to interfere with the holding of elections
of one kind or another by the exercise of some of the high pre-
rogative writs over which original jurisdiction has been vested in
this court by the Constitution, all of which have been con-
sistently refused. · As the question is jurisdictional, we can-
not overlook the uniform practice merely because counsel do not
wish to make that point.. Courts of equity are only conversant
with matters of property and the maintenance of civil rights and
will not interfere to enforce or protect purely political rights.
This doctrine has been universally applied in other jurisdictions

where equity has been invoked to interfere in matters preceding an election. In *Fletcher v. Tuttle,* 151 Ill. 41, 37 N. E. 683, 25 L. R. A. 143, 42 Am. St. Rep. 220, the Supreme Court of that state, after a review of the authorities, reaffirmed the doctrine previously adopted that chancery has no jurisdiction to protect purely political rights such as those in respect to public elections, and held *specifically that an injunction could not be granted to prevent the giving of election notices or the certifying of nominees for districts created by an apportionment act claimed to be unconstitutional, because such rights were purely political and enforceable only at law. It had been previously held in that state that a court of equity has no jurisdiction to restrain the holding of an election, since the right involved is a political one. *People ex rel. Fitnam v. Galesburg,* 48 Ill. 485; *Walton et al. v. Develing et al.,* 61 Ill. 201; *Darst et al. v. People,* 62 Ill. 306; *Harris et al. v. Schryock et al.,* 82 Ill. 119. This question is fully annotated in a note to *Shoemaker v. City of Des Moines et al.,* 129 Iowa, 244, 105 N. W. 520, 3 L. R. A. (N. S.) 382. These cases seem to sustain the conclusion here reached.

Moreover, in *Hilzinger v. Gillman, as City Comptroller, et al.,* 56 Wash. 228, 105 Pac. 471, 21 Ann. Cas. 305, it was held that, in an action by a councilman to enjoin the city clerk from certifying to an elector's petition for his recall, a taxpayer has no interest entitling him to intervene under Bal. Code, sec. 4846, it not being alleged that the clerk would not defend the action. The section of the statute above referred to provides:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either party, or an interest against both.  * * *"

Our statute provides that all actions must be prosecuted in the name of the real party in interest. In view of the similar qualifications required of a suitor by the two statutes, there can be no doubt that the Washington case, although the taxpayer sought to come in as an intervener, is an authority sustaining the conclusion that a taxpayer has not such an interest in a suit to enjoin the holding of an election to recall the mayor of a city

of the first class, in pursuance of the provisions of its charter, as will entitle him to prosecute such suit as a complainant. *Thompson v. Haskell*, 24 Okla. 70, 102 Pac. 700.

For the reasons herein stated, the judgment of the court below is reversed, and the cause remanded, with directions to dismiss the same.

All the Justices concur.