## COPELAND v. OLSMITH, *Mayor, et al.*

No. 2685.    Opinion Filed May 14, 1912.

(124 Pac. 33.)

**INJUNCTION**—Subjects of Relief—Holding Election.   A court of equity has no jurisdiction to restrain the holding of an election, since the right involved is a political one.

(Syllabus by the Court.)

*Error from Superior Court, Logan County;*
*S. S. Lawrence, Judge.*

Action by A. G. Copeland against Frank Olsmith, Mayor of the City of Guthrie, and others.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*W. H. Chappell, J. M. Sandlin,* and *T. C. Whitely,* for plaintiff in error.

*James Hepburn,* for defendants in error.

WILLIAMS, J.   On May 18, 1911, plaintiff in error instituted an action in the superior court of Logan county, Okla., against the defendants, Frank Olsmith, mayor of the city of Guthrie, E. H. Winslow, city clerk, and G. W. Bruce *et al.,* members of the city council, praying for an injunction to issue against them, restraining them, and each of them, from carrying into effect the provisions of the proposed charter of the city of Guthrie, which, in effect, would prevent the holding of an election under said charter for the election of certain officers therein named.

In *City Council of the City of McAlester et al. v. Tal Milwee et al.*, 31 Okla. 620, 122 Pac. 173, it is said:

"This was a suit in equity, commenced by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below, for the purpose of enjoining the proper officer or officers of the city of McAlester from calling an election for the purpose of submitting to the electors of said city the question whether the mayor of said city should be recalled. * * * Courts of equity are only conversant with matters of property and the maintenance of civil rights, and will not interfere to enforce or pro- tect purely political rights. This doctrine has been universally applied in other jurisdictions where equity has been invoked to interfere in matters preceding an election. In *Fletcher v. Tuttle,* 151 Ill. 41 [37 N. E. 683, 25 L. R. A. 143, 42 Am. St. Rep. 220], the Supreme Court of that state, after a review of the authorities, reaffirmed the doctrine, previously adopted, that chancery has no jurisdiction to protect purely political rights, such as those in respect to public elections, and held specifically that an injunc- tion could not be granted to prevent the giving of election notices, or the certifying of nominees for districts created by an appor- tionment act claimed to be unconstitutional, because such rights were purely political and enforceable only at law. It had been previously held in that state that a court of equity has no jurisdic- tion to restrain the holding of an election, since the right involved is a political one. *People ex rel. Fitnam v. Galesburg,* 48 Ill. 485; *Walton v. Develing et al.,* 61 Ill. 201; *Darst et al. v. People,* 62 Ill. 306; *Harris et al. v. Schryock et al.,* 82 Ill. 119. This ques- tion is fully annotated in a note to *Shoemaker v. City of Des Moines et al.,* 129 Iowa, 224 [105 N. W. 520], 3 L. R. A. (N. S.) 382. These cases seem to sustain the conclusion here reached."

In *Green v. Mills,* 69 Fed. 852, 16 C. C. A. 516, 25 U. S. App. 383, 30 L. R. A. 90, in an opinion by Chief Justice Fuller, sitting as a member of the United States Court of Appeals for the Fourth Circuit, it is said:

"The court has no jurisdiction in matters of a political na- ture, nor to interfere with the duties of any department of gov- ernment, unless under special circumstances, and when necessary to the protection of rights of property, nor in matters merely criminal, or merely immoral, which do not affect any right of property. *In re Sawyer,* 124 U. S. 200, 8 Sup. Ct. 482 [31 L. Ed. 402]; *Luther v. Borden,* 7 How. 1 [12 L. Ed. 581]; *Mississippi v. Johnson,* 4 Wall. 475 [18 L. Ed. 437]; *Georgia v. Stanton,* 6

Wall. 50 [18 L. Ed. 721]; *Holmes v. Oldham,* 1 Hughes, 76, Fed. Cas. No. 6,643. 'Neither the Legislature nor the executive department,' said Chief Justice Chase, in *Mississippi v. Johnson,* 'can be restrained in its action by the judicial department, though the acts of both, when performed, are, in proper cases, subject to its cognizance.' 'The office and jurisdiction of a court of equity,' said Mr. Justice Gray, *In re Sawyer,* 'unless enlarged by express statute, are limited to the protection of rights of property.' To assume jurisdiction to control the exercise of political powers, or to protect the purely political rights of individuals, would be to invade the domain of the other departments of government, or of the courts of common law."

See, also, the authorities cited in this case.

*Fletcher v. Tuttle,* cited with approval in *City Council of the City of McAlester et al. v. Milwee et al., supra,* is quoted from with approval by Chief Justice Fuller in this case.

The injunction sought in this case, as appears on the face of the bill, was to prevent the defendants in error from holding an election pursuant to the terms of the charter of said city, at which certain officers were to be elected. The injunction having been properly denied, and the bill dismissed, the judgment of the lower court will be affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.