**DAVIS, County Supt., v. WHITEHEAD.**

No. 11861—Opinion Filed Oct. 18, 1921.

Rehearing Denied April 25, 1922.

Leave to File Second Petition for Rehearing Denied June 30, 1922.

(Syllabus.)

1. **Injunction — Temporary Injunction — When Operative—Filing of Bond.**

Where upon filing a petition the same is presented to the county judge in the absence of the district judge from the county and hearing is had and a temporary injunction is issued in conformity with allegations and prayer of the petition, such order does not become operative and effective until a bond is filed as required by section 4877, Revised Laws of 1910.

2. **Injunction—Courts —Jurisdiction — Elections—Consolidated School Districts.**

In the absence of a statute authorizing the action, the courts of this state will not interfere with the action of the superintendent of public instruction or the people in calling and holding an election for the purpose of forming a consolidated school district, unless fraud, corruption, oppression, or gross injustice is clearly shown.

3. **Same—Adequate Remedy at Law.**

Under section 7781, Revised Laws of 1910, any interested person aggrieved at the action of the superintendent of public instruction in calling an election for the purpose of form-

ing a consolidated school district has the right to appeal from the action of the superintendent of public instruction to the board of county commissioners, and by said section of the statute is afforded a plain and adequate remedy at law to correct any errors of the superintendent of public instruction in calling the election, and an action to enjoin the holding of such election called by the superintendent of public instruction is not the proper remedy, and where the superintendent of public instruction was vested with jurisdiction under proper petitions filed by the qualified voters of the proposed consolidated district, an injunction should not issue restraining the holding of such election.

**4. Same—Validity of Temporary Injunction.**

Record examined in this cause; held, that the temporary injunction was improperly issued, never became operative and effective, and the judgment of the trial court decreeing the organization of the consolidated district illegal, error.

Error from District Court, Tillman County; Frank Matthews, Judge.

Action by J. B. Whitehead against T. O. Davis, Superintendent of Public Instruction of Tillman County, for injunction. Judgment for plaintiff. Defendant appeals. Judgment reversed, and cause remanded, with directions to dismiss plaintiff's petition.

Wilson & Roe and Asp, Snyder, Owen & Lybrand, for plaintiff in error.

Stansell Whitesides and P. Mounts, for defendant in error.

KENNAMER, J. J. B. Whitehead commenced this action in the district court of Tillman county July 30, 1919, to restrain and enjoin T. O. Davis, superintendent of public instruction of Tillman county, from holding an election which had been called by said superintendent of public instruction for July 31, 1919, for the purpose of voting upon the consolidation of school districts Nos. 87, 147, 148, 149, 150, and 151 of Tillman county.

The plaintiff sought to enjoin the holding of said election upon the ground that no valid petition had been filed with the superintendent of public instruction from district No. 150; it being alleged that the petition was insufficient because a majority of the voters in said district No. 150 had withdrawn their names from the petition prior to the issuance of the call of the election. It was also alleged that proper notice had not been given for said election.

The petition was presented to the county judge of Tillman county in the absence of the district judge from said county on the 30th day of July, 1919, and after a hearing upon said petition the county judge issued a temporary injunction restraining the defendant from taking any further or other steps towards holding said election or attempting to organize said proposed consolidated district.

It appears from the record that no one was party defendant in the action except T. O. Davis, county superintendent of public instruction for Tillman county.

The voters met on the next day, July 31st, at Tipton school house pursuant to the call issued for said election by the county superintendent and proceeded to organize the meeting by electing chairman and secretary, and held the election in accordance with the call issued by the superintendent. The vote on the proposed consolidation of said districts was 180 for consolidation to 23 against consolidation. After the vote was certified to the superintendent, said superintendent, on the 6th day of September, 1919, issued his proclamation declaring the districts disorganized and consolidated as district No. 8.

Before this cause was tried in the district court a supplemental petition was filed by the plaintiff in which he attacked the validity of the consolidated district upon the ground that the election was held and said district declared organized while a valid temporary injunction was in force, and reaffirming the allegations of the petition as to the sufficiency of the petitions on file with the county superintendent on the date of the issuance of the call for said election. The defendant filed an answer to the supplemental petition filed by the plaintiff, denying generally the allegations of the plaintiff's petition, alleging that the election was fairly and regularly conducted and said district legally organized. The case was tried by the court and numerous witnesses testified and various instruments of documentary evidence introduced.

Upon the issues joined by the pleadings and the evidence introduced, judgment was rendered in favor of the plaintiff, in which the trial court held the organization of said consolidated district illegal for the reason the superintendent of public instruction, defendant herein, was without authority to call the election because the petitions were insufficient to authorize the superintendent to call the election, a majority of the voters from districts Nos. 150 and 151 having made legal demand upon the county superintendent to withdraw their names from the petitions originally filed with him, and that

said election was invalid because the same was held while a valid restraining order of the court was in full force and effect.

From the judgment of the court decreeing the organization of said consolidated district illegal and void, the defendant, T. O. Davis, superintendent of public instruction of Tillman county, has appealed to this court and appears here as plaintiff in error, and J. B. Whitehead, the plaintiff in the cause in the trial court, appears here as defendant in error. For convenience, we shall refer to the parties as they appeared in the court below.

The questions presented for decision under the assignments of error are as follows: Was the temporary injunction issued by the county judge in the absence of the district judge valid? The effect of the temporary injunction, or restraining order, upon the election held pursuant to the calling of the superintendent of public instruction for Tillman county. Was the superintendent authorized to call the election under the petitions on file with him?

Upon an examination of the supplemental petition filed by the plaintiff in this cause we find that it was alleged by the plaintiff that the temporary injunction granted in said cause was granted on the date the plaintiff presented his petition to the county judge of Tillman county, and that copy of said order of injunction was attached to the plaintiff's supplemental petition and marked Exhibit "A". The copy of the order of injunction attached to the plaintiff's supplemental petition recites that the order of injunction granted by the county judge was to become operative and effective upon the filing of a good and sufficient bond conditioned as provided by law. The record discloses that no bond was ever filed. The record discloses the order was made by the county judge after a hearing, and that the plaintiff in his written pleading alleged that the order made was a temporary injunction. Section 4877, Revised Laws of 1910, is as follows:

"Unless otherwise provided by special statute, no injunction shall operate until the party obtaining the same shall give an undertaking with sufficient surety, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure the party injured the damages he may sustain, including reasonable attorney's fees, if it be finally decided that the injunction ought not to have been granted."

The Supreme Court of Kansas, in the case of State ex rel. v. Logan et al., 42 Kan. 739, 22 Pac. 735, held:

"Before the calling of the second election, a temporary order of injunction had been allowed against the sheriff to prevent him from calling a second election, which was to take effect on the execution of an injunction bond. This bond was not given and the order was therefore inoperative and void. State v. Commissioners, 35 Kan. 150, 10 Pac. Rep. 535."

In the case of Haffner v. Dobrinski et al., 17 Okla. 438, 88 Pac. 1042, the court held:

"* * * No injunction shall operate until the party obtaining the same shall give an undertaking in an amount fixed by the court or judge allowing the same to secure to the party the damages he may sustain if it be finally decided that the injunction ought not to have been granted."

The defendant in error in the case at bar contends that the order granted by the county judge was merely a restraining order, and not a temporary injunction. While this position is inconsistent with the position assumed by the plaintiff in his pleadings filed in the cause, we do not believe it material as to whether the order was a temporary injunction or a restraining order in order to arrive at a correct conclusion in this cause. The distinguishing characteristics between a temporary order of injunction and a mere restraining order depend upon the question of whether the order appears within itself to be final, or there is to be a future hearing to determine whether an injunction should be issued pending the litigation, and, usually, a restraining order is issued in an emergency and is to remain in force only until such time as the parties can be notified to appear before the court and a hearing be had to determine whether the party in whose favor the restraining order was issued is entitled to a preliminary injunction. In this cause the court had both parties before it, and a hearing was had on the petition of the plaintiff, and both the plaintiff and the defendant had an opportunity to be heard and evidence was heard. It thus appears that there was no necessity for issuing a temporary restraining order, but the court being fully advised in the premises and being of the opinion the plaintiff was entitled to equitable relief, a temporary order of injunction was issued to be operative upon giving the statutory bond. The rights of people should not be interfered with or the use of property restricted except in extraordinary cases by a restrain-

ing order relieving the plaintiff of the obligation of filing a bond where the parties have had an opportunity to be heard and the court is fully advised in the premises as to whether or not there exist any good reasons for the party invoking the equitable powers and jurisdiction of the court.

The Supreme Court of Nebraska, in the case of State of Nebraska v. Baker, 62 Neb. 840, 88 N. W. 124, held:

"When it is deemed proper that the defendants shall have notice of the application and be so heard before the injunction is granted, the judge may so direct, and in the meantime restrain the party from doing the things complained of. By referring to the order heretofore set out, it will be noticed that the judge found the petition sufficient to grant a temporary order of injunction, and on consideration of the petition alone the order was issued. The order does not by its terms indicate or contemplate that a further hearing on the application was to be had before the application was finally acted upon; and herein, in in our judgment, lies the chief distinguishing characteristics between a 'temporary order of injunction' and a mere 'restraining order.' * * * The difference in the office and purposes of a temporary order of injunction and of a restraining order pending a hearing on the application for an injunction is well defined by statute, and there should be no room for doubt as to which is issued at the beginning of the action. If a further hearing is deemed advisable, this may very easily be expressed in unmistakable terms, and the temporary restraining order could only be regarded as issued for the purpose of restraint until the contemplated hearing was had. Each of the two writs has certain well defined characteristics which distinguish the one from the other, and there ought to be no reason or opportunity for confusion as to which was intended to be issued."

It is clear that it was never the intention of the statutes that a temporary restraining order should take the place of or be raised to the dignity of a temporary injunction, and the courts have no power to relieve the party invoking the equitable jurisdiction of the court of the obligation of making a bond by issuing a temporary restraining order, and no such practice will be sustained where it is clear that the parties have had an opportunity to be heard and the time for which the order is to operate is unreasonable for the parties to appear and be heard.

It is true, in the case at bar, that the order was set for hearing on the 5th day of September, 1919, in the district court, but this being an action in the district court, it is clear that the county judge issuing the temporary injunction in the absence of the district judge from the county had no authority other than to set the same for hearing in the district court, and the plaintiff having treated the order as a temporary injunction by the allegations of his supplemental petition, we, therefore, conclude that the court so intended the order for a temporary injunction, and no bond having been filed as required by law, the same never became operative. Furthermore, the order never restrained anything except the superintendent of public instruction from holding the election on July 31st, and as the superintendent did not hold the election, it is obvious that, although the order be held to be a mere restraining order, it in no way prevented the people from assembling pursuant to the call of the superintendent and holding the election, and as no hearing was had upon the restraining order on September 5th, the date on which the same was set for hearing, it terminated and the county superintendent was merely performing his duties as prescribed by statute in declaring the districts disorganized and consolidated on the 6th day of September after said order terminated, if the same be held to be merely a restraining order.

Upon a careful examination of the petition filed by the plaintiff in this action invoking the equitable jurisdiction of the court to restrain the defendant from holding the election, we are of the opinion that the same failed to state facts sufficient to entitle the plaintiff to the relief prayed for.

The petition shows on its face that the defendant was vested with jurisdiction and power under the statute to call the election in question, it appearing that one-half of the voters in each of the respective districts proposed to be consolidated had signed petitions requesting the defendant superintendent to call the election, and while it is true that the signers of such a petition have the right to withdraw their names from such a petition if they take timely action prior to the time the superintendent of public instruction has acted upon the petition and issued the call for the election, yet it appears that the protest filed by the petitioners with the superintendent did not request him to strike their names from the original petitions, but merely protested against the holding of a joint election, and as testified to by some of the petitioners they were merely seeking to have the superintendent of public instruction hold an election in each of the respective districts

instead of holding one single election at some central point in the proposed consolidated district. It is then apparent the protest filed did not withdraw their names from the petitions on file with the superintendent.

It was beyond the power and the authority of the superintendent to hold an election in each of the respective districts, but under the law the election must be held at one point in the proposed consolidated district; but we are of the opinion that the protest petitions cannot be construed as having the effect of withdrawing the names of the signers from the original petitions. Therefore, it necessarily follows that the conclusion of the trial court in holding that the superintendent did not have sufficient petitions on file to authorize him to call the election was error.

Upon an investigation of the authorities we find the better rule is that an injunction will not issue restraining the holding of an election. It is beyond the power and authority of the courts to dictate to the officers of the people that they should not hold an election, and this rule is almost uniformly adhered to where the complaining party has an adequate remedy at law. If the courts would assume jurisdiction to restrain the officers of the people from calling and holding elections through fear that some imaginary wrong may be done to the complainant objecting to the holding of the election, then the people and their officers would be entirely subservient to the courts and the rights of the people to express their sentiments upon matters of governmental policy and the administration of their public affairs through assembly and elections would be at the mercy of the courts. The law does not favor such a course of procedure. City Council of McAlester v. Milwee, 31 Okla. 620, 122 Pac. 173; Fletcher v. Tuttle, 151 Ill. 41, 37 N. E. 683, 25 L. R. A. 143; Shoemaker v. City of Des Moines et al., 129 Iowa, 244, 105 N. W. 520, 3 L. R. A. (N. S.) 382.

In 35 Cyc., page 835, the rule is announced to the effect that courts will not interfere with the action of school officials in forming or altering school districts except in cases of fraud, corruption, oppression, or where gross injustice is clearly shown. Where an appeal may be taken from the action of an official forming or altering school districts, the weight of authority appears to support the rule that the remedy by appeal is exclusive and the courts will not interfere with the action of public officials in forming such districts. 35 Cyc. 836;

State v. Clary, 25 Neb. 403, 41 N. W. 256; Brown v. Commissioners of Otoe County, 6 Neb. 111.

In the case at bar the plaintiff, under section 7781, Revised Laws 1910, had the right to appeal from the action of the county superintendent of education in issuing the call for the election to the board of county commissioners, and if the board of county commissioners on appeal were adverse to his contentions, he had the right to appeal to the district court, and from the judgment of the district court to the Supreme Court.

County superintendents of education in passing upon the sufficiency of petitions authorizing the issuing and calling of elections exercise a discretionary power, and from such action in determining the sufficiency of the petition and calling the election under said section of the statute, supra, any aggrieved person is afforded a plain and statutory remedy to correct any errors of the superintendent in calling the election by appeal. Woolsey et al. v. Nelson et al., 43 Okla. 97, 141 Pac. 436; School District No. 68, Noble County, v. Wollingford et al., 69 Oklahoma, 170 Pac. 901. See King et al. v. State ex rel. O'Reilly et al., opinion filed September 13, 1921, 83 Okla. 297, 201 Pac. 641.

Having arrived at the conclusion in the case at bar that the court was without jurisdiction to issue the order of injunction, that the same never became operative, and that no appeal was prosecuted from the action of the superintendent of public instruction in determining the sufficiency of the petitions and issuing the call for the election, it necessarily follows that the judgment of the trial court must be reversed, with directions to dismiss the petition of the plaintiff.

It is so ordered.

HARRISON, C. J., and PITCHFORD, KANE, JOHNSON, McNEILL, and NICHOLSON, JJ., concur; MILLER, J., dissents.