## HEMMINGSON v. HAGAMAN. (No. 10499.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 10, 1923. Rehearing Denied April 7, 1923.)

1. **Municipal corporations ⚖=993(1)—Elector and taxpayer cannot sue to enjoin proceedings for recall election without allegations that he has an interest in the controversy not held by others.**

An action to restrain a city clerk from presenting to the city commissioners a petition for a recall election cannot be brought by a qualified elector and taxpayer, in the absence of allegations that he has an interest in the controversy not held by other electors and taxpayers.

2. **Municipal corporations ⚖=159(1)—Failure of city commissioners to meet during week after filing of petitions for recall election not willful refusal to receive petitions.**

Failure of city commissioners to meet during the week immediately subsequent to the filing of petitions for recall election did not, in the absence of any allegations or proof of fraudulent purposes in failing to so meet, constitute willful refusal to receive the petitions and to order the election under provision of city charter authorizing the county judge to order the election on the failure or refusal of the commissioner to so do on presentation of properly signed petition.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by M. H. Hagaman against George T. Hemmingson. From judgment granting an injunction, the defendant appeals. Reversed.

Levy & Evans, of Fort Worth, for appellant.

Conner & McRae, of Eastland, and Taylor & Wasaff and L. R. Pearson, all of Ranger, for appellee.

BUCK, J. Prior to December 19, 1922, N. A. Jennet and others secured from George T. Hemmingson, who exercised the duties of city clerk of the city of Ranger, Tex., petitions for the recall of the mayor and two city commissioners of Ranger. Having secured the signatures of the requisite number of electors of Ranger, and the requisite number who had voted for said mayor and said two commissioners at the previous election, Jennet and others filed said petitions with the said Hemmingson as said city clerk to be by him presented to the commissioners. On said December 19th when the commissioners were in session, and said clerk was about to present the petitions to them for the recall election, said clerk was served with a writ of injunction issued by the judge of the Ninety-First judicial district court, and upon application of M. H. Hagaman, restraining said Hemmingson from reading or presenting said petition to said commissioners. Various rea-

sons were given in the application for the petition why, as alleged, said petitions were not drawn, signed, and certified to as required by the provisions of the city charter with reference to said recall elections; but in view of the disposition of this appeal which we have determined should be made, it will not be necessary to discuss or determine the sufficiency or tenability of these reasons. From the order and judgment of the court in issuing the writ, Hemmingson has appealed.

Pending an appeal, the dissatisfied petitioners sought to have the county judge of Eastland county to order the recall election. Under a provision in the city charter that if the commissioners should fail or refuse to order a recall election upon a presentation of a petition properly signed, it is provided that the county judge of Eastland county is authorized to order the election. Upon application of the relator made to this court, on January 13, 1923, we issued a temporary writ of prohibition to the county judge and the designated officers of the election to restrain them, pending a hearing on the appeal, from holding or attempting to hold a recall election, under the orders of the county judge.

[1] Hagaman in his application for the writ of injunction against Hemmingson describes himself as "a resident citizen of the city of Ranger, * * * a qualified elector and property owner and a taxpayer in said city of Ranger." He does not allege any interest in the controversy not held by any other citizen, elector, and taxpayer. We have concluded that Hagaman did not show himself to be entitled to prosecute this suit as a plaintiff. 19 R. C. L. p. 939, § 239, reads in part as follows:

"A taxpayer has not such an interest in a suit to enjoin the holding of an election to recall an officer of municipality in pursuance of the provisions of its charter as will entitle him to prosecute such suit as a complainant."

In McAlester v. Milwee, 31 Okl. 621, 122 Pac. 173, 40 L. R. A. (N. S.) 576, the Oklahoma Supreme Court held that a taxpayer has not such an interest in a suit as to enjoin the holding of an election to recall the mayor of the city as to entitle him to prosecute such suit as complainant. The cases of Hilzinger v. Gillman, 56 Wash. 228, 105 Pac. 471, 21 Ann. Cas. 305, and Thompson v. Haskell, 24 Okl. 70, 102 Pac. 700, are to the same effect.

In 22 Cyc. p. 910, § C-2, it is said:

"An injunction suit can be maintained only by one whose special or personal interest is affected by the wrongful act, and hence where an interest is neither greater nor of a different character than that of all citizens of the same community, or all citizens of one class, it is insufficient to maintain an injunction."

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Many other authorities sustaining this generally accepted view might be cited, but in view of the importance of a speedy action by this court, and in order that we may render our judgment on the next opinion day, we forbear citing other authorities or discussing the matter further.

[2] By reason of the fact that we hold that the petitioner below was not shown to be a proper party plaintiff, the judgment below is reversed, and the injunction granted vacated. The writ of prohibition heretofore issued by this court restraining the county judge and the election officers from holding an election under the order of said county judge heretofore made is perpetuated and made final in so far as said order was predicated upon the petition heretofore filed with said county judge for such election, but without prejudice to the right of qualified persons to apply for another such order upon another petition with a proper showing for such relief. The clerk of Ranger is left free to serve on the commissioners the petitions for a recall election heretofore filed with said clerk. We believe that the city commissioners should have a bona fide opportunity to have the petitions for the recall of the mayor and the two commissioners presented to them and to order the recall election. We are of the opinion that the mere fact that the commissioners did not meet during the week immediately subsequent to the filing of the petitions with the clerk, and in the absence of any allegation or proof of fraudulent purposes in failing to so meet, such failure ought not to be held as a willful refusal to receive the petitions and order the election.

The judgment is reversed as above indicated.