**BOARD OF EDUCATION OF CITY OF NOWATA v. McCRACKEN, County Assessor, et al.**

No. 7888—Opinion Filed Jan. 9, 1917.

(162 Pac. 782.)

**1. Statutes—Formation of School Districts —Repeal.**

Section 7781, Rev. Laws 1910, is by im-

plication repealed by section 11, art. 2, ch. 219, Sess. Laws 1913, p. 496.

**2. Schools and School Districts—Formation of Districts—Appeal.**

Under section 11, art. 2, ch. 219, Sess. Laws 1913, an appeal lies to the county commissioners of the county from the action of the county superintendent of public instruction upon proper application, refusing to form a new school district.

**3. Same.**

By serving upon the county superintendent of public instruction a written notice of appeal, setting up the objections to the action of such county superintendent appealed from the county commissioners, upon such notice of appeal being filed with them, acquired jurisdiction of such appeal; and held, further, that the provision of the statutes, requiring the filing of a copy of notice of such appeal with the county clerk and the clerks of school districts affected, were sufficiently complied with in this case.

(Syllabus by Collier, C.)

Error from District Court, Nowata County; W. J. Campbell, Judge.

Action by the board of education of the city of Nowata against J. W. McCracken, assessor of Nowata county, and others. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Lawson & Cox, for plaintiff in error.

Glass & Weaver, for defendants in error.

Opinion by COLLIER, C. This in an action for injunction brought by the plaintiff in error, hereinafter styled plaintiff, against the defendants in error, hereinafter designated as defendants, to restrain the creation of a new school district in Nowata county. A temporary injunction was granted by the judge of the county court in the absence of the district judge, which was afterwards dissolved by the district court, and upon the final hearing of the cause the injunctive relief prayed for was denied and plaintiff's petition dismissed, to which the plaintiff duly excepted. Timely motion for a new trial was made and overruled, to which plaintiff duly excepted, and brings error.

There are many errors assigned; but, as stated by plaintiff in error in their brief, there are but two propositions involved, only said two propositions argued, which are as follows: (1) That under the statutes in force on the date in question there was no provision of law authorizing an appeal from a decision of a county superintendent of public instruction, refusing to form a new school district from portions of existing districts; (2) that if an appeal from a decision of the

county superintendent, refusing to form a new school district from parts of old districts, was authorized, the required notice of said appeal was not filed, and the county commissioners were without jurisdiction to consider the same, and their judgment of reversal is void.

Under the questions involved in this appeal, it is unnecessary to recite any of the evidence other than that relating to the service and filing of notice of the appeal from the action of the county superintendent of public instruction in refusing to create the new district. The uncontradicted evidence is that proper notice of the appeal was served upon the county superintendent, and that copies of the notice of appeal from the action of the county superintendent of public instruction were filed with the county clerk and with all of the clerks of the various school districts affected, other than district 40; that in district No. 40 the secretary of the school board was absent from the state, and no notice was filed with him, but a copy of the notice of appeal served upon the county superintendent of public instructions was put under the door of the office of said secretary of said board; that at the time the same was so placed therein the secretary was absent from said office, and said office was locked, and that copies of said notice of appeal were also filed with the several school officers of said district No. 40.

It therefore follows that the first question to be determined is: What law existed at the time? It is contended on the part of plaintiff that section 7781, Revised Laws 1910, is repealed by section 11, art. 2, ch. 219, Session Laws 1913, p. 496; while it is contended on the part of defendants that said section 7781 Rev. Laws 1910, is not repealed by said section 11, supra. We are of the opinion, and so hold, that said section 7781, supra, was repealed by said section 11, art. 2, ch. 219, Session Laws 1913, for the reason that said section 11 revised the whole subject-matter contained in said section 7781, and that said section 11, supra, was doubtless intended as a substitute for said section 7781, Rev. Laws 1910, notwithstanding it does not contain express words of repeal. Hudson v. Ely et al., 36 Okla. 576, 129 Pac. 11; Garnett v. Goldman, 39 Okla. 516, 135 Pac. 410; Smock v. Farmers' Union State Bank, 22 Okla. 826, 98 Pac. 945; Arthur v. Board of Com'rs, etc., 43 Okla. 174, 141 Pac. 1; Ratliff v. Cornelius, 49 Okla. 91, 151 Pac. 675.

We are of the opinion, and so hold, that under said section an appeal lies to the county commissioners of the county from a refusal of the county superintendent of public instruction to create a new school district, for the reason that we think the provision in said section, providing "that one-fourth of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of the county superintendent," includes the right of appeal from the action of the county superintendent in refusing to create a new school district, and that to hold that the refusal to create such new school district would not be to affect such school district is untenable.

Inasmuch as said section 11 provides that the action of the county commissioners on an appeal shall be final, the contention of the defendants that the plaintiff had an adequate remedy at law by appeal to the district court is without force.

This leaves for consideration but one question, and that is: Was the notice of appeal served upon the superintendent of public instruction, and the filing of the copies of such notice of appeal filed with the county clerk and clerks of the school districts affected, other than that of school district No. 40, and the failure to file with the secretary of said district No. 40, other than by placing a copy of the notice of appeal under his office door, at a time the same was locked and he absent, and the filing of the copy of said notice of appeal with all the other officers of said school district No. 40, sufficient to vest the county commissioners with jurisdiction of the appeal taken from the action of the county superintendent of public instruction in denying the formation of said new school district? We are of the opinion, and so hold, that the service upon the county superintendent of public instruction of said notice of appeal vested said county commissioners of said county with jurisdiction to hear and determine said appeal, and that the requirement of the filing of copies of said notice of appeal with the county clerk and the clerks of the interested school districts was sufficiently complied with under the evidence. We are therefore of the opinion, and so hold, that the notice of appeal, as required by said section 11, was substantially complied with, and that the contention of plaintiff that the same was not sufficient to give the county commissioners of said county jurisdiction of said appeal must fail.

We are of the opinion, and so hold, that the plaintiff is not entitled to the injunctive relief prayed, and that the trial court was free

from error in denying the same, and in dismissing plaintiff's petition.

We are of the opinion, and so hold, that, notwithstanding that as a basis of his judgment the trial court erroneously held that said section 7781 was not repealed, the holding of the trial court was free from error in denying the injunctive relief prayed and dismissing plaintiff's petition.

The cause is affirmed.

By the Court: It is so ordered.