**STATE ex rel. SMITH, Co. Atty., et al. v. SPECHT, Co. Supt.**

No. 14680—Opinion Filed May 10, 1921.

Rehearing Denied Aug. 31, 1921.

(Syllabus.)

1. **Mandamus—Sufficiency of Petition—Consolidation of School Districts.**

Petition examined, and held sufficient to state a cause of action to entitle the relators to peremptory writ of mandamus.

2. **Schools and School Districts—Consolidation of Districts—Statutes.**

Section 1, art. 4, ch. 219, Session Laws 1913, has no application to the organization of consolidated school districts.

Error from District Court, Major County; James B. Cullison, Judge.

Action by the State on the relation of Ben Smith, County Attorney of Blaine County, and others against Louesa A. Specht, County Superintendent of Major County, for mandamus. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

S. P. Freeling, Attorney General, R. E. Wood, Asst. Atty. Gen., J. P. Wishard, and Tom E. Willis, for plaintiffs in error.

Bishop & Roberts and S. A. Horton, for defendant in error.

McNEILL, J. This was an action commenced by the state of Oklahoma, on the relation of Ben Smith, county attorney of Blaine county, et al., against Louesa A. Specht, county superintendent of Major county, for a writ of mandamus to compel Louesa A. Specht, as county superintendent of Major county, to act on several petitions presented to her and to join with the county superintendent of Blaine county in calling an election or meeting of the voters of school districts in Blaine county and a part of school district 165 in Major county to vote upon the question of consolidation of said districts. The petition alleged that on or about the 19th day of March, 1919, there was presented to the county superintendent of Major county petitions signed by more than a majority of the legal voters residing in school districts 4. 5, and a part of school district No. 3 in Blaine county and a part of school district 165 of Major county petitioning the

county superintendents of Blaine and Major counties to call a meeting of the voters residing in said proposed consolidated district to determine whether or not they should be consolidated into a consolidated school district, and that the defendant failed and refused to act with the county superintendent of Blaine county in calling an election.

The defendant filed an answer, which was simply a general denial, and denied there was presented to her petitions sufficient in law to authorize her to act.

Upon the trial of the case to the district court, the court considered the answer of the defendant as a demurrer and sustained the demurrer to the plaintiffs' petition and denied the writ of mandamus. This leaves but one question presented upon appeal and that is whether the petition stated a cause of action. An examination of the petition discloses that it states a cause of action. We will direct our attention to the brief of defendant in error in support of her contention that the petition does not state a cause of action.

It is insisted by defendant in error that the petition does not affirmatively allege that the petitions presented to the county superintendent were signed by a majority of the legal voters residing in each school district or portion thereof to be included in the consolidated school district as required by section 1, ch. 168, Session Laws 1919, page 261, and the petition contained no allegation that the majority of the voters residing in the portion of school district 165, Major county, to be included in the school district had joined in said petition. The petition alleged as follows:

"A petition signed by more than the majority of the legal voters residing in the territory hereinafter described, together with the petition containing more than the majority of the legal voters residing in school districts 4 and 5 and the territory in the description in school district Number 3. And a part of school district 165 in Major county, Oklahoma, as comprised in the following description."

The allegation is that the petitions were signed by more than a "majority of the legal voters residing in the territory hereinafter described," together with the majority of the voters of districts Nos. 4 and 5 and a portion of district 3. There is no other territory described in addition to districts 4, 5, and a portion of district 3, except the portion of school district 165, therefore the phrase, "territory hereinafter described," in the petition must refer to that portion of school district No. 165.

It is next contended that the school districts to be consolidated being situated in two counties, the procedure provided in section 1, art. 4, ch. 219, Session Laws 1913, relating to joint school districts, was applicable. This court, however, has held to the contrary in the case of State v. Ross, 76 Okla. 11, 183 Pac. 918, where this court, referring to article 4, ch. 219, Session Laws 1913, stated:

"But this statute involves only the organization of joint districts, which we understand are nothing more nor less than ordinary school districts lying partly in two or more counties. * * * In order to organize such a school district, whether composed of territory in one or more counties, an election must be held, as provided for in article 7, chap. 219, Session Laws 1913, section 1 of which was amended by the act of February 14, 1917 (Session Laws 1917, pp. 473, 474). This is the statute under which the parties proceeded, and the only statute governing the formation of a consolidated school district."

Defendant in error contends that section 2, art. 7, ch. 219, Session Laws 1913, is still in force and effect. We agree that this contention is correct, but counsel misconstrues the provision of said section, which is as follows:

" * * * *Provided, that in the formation of consolidated districts comprising territory lying in more than one county, the county superintendents of public instruction of said counties, shall act together in the same manner as provided by law in the formation and control of joint districts."

Counsel attempt to interpret this to apply to the procedure provided in section 1, art. 4, ch. 219. This section simply provides that after a majority of the voters of each district in the two counties have presented to the county superintendents petitions containing more than a majority of the legal voters residing in each of the districts to be consolidated, the county superintendents shall act together in the same manner as in formation of joint school districts.

Counsel alleges there is no law by which the districts of two or more counties can consolidate unless it meets with the approval of the county superintendent of each county. This contention is untenable, and was decided in the case of State ex rel. v. Ross, supra. The Legislature has seen fit to place the power in the people to decide when they desire to form consolidated school districts. No such authority is delegated to the county superintendents, and when the county superintendents attempt to assume such authority, they are assuming authority not conferred upon

them by statute. The duty conferred upon the county superintendent regarding the formation of consolidated districts is mandatory, and when the proper petitions are presented to the county superintendent, it becomes her mandatory duty to obey the law and call a meeting of the voters as directed by the statute.

Section 4918, Revised Laws 1910, provides a penalty for officers failing to perform the duty conferred upon them by statute. The petition in this case states a cause of action, and it was error for the court to render judgment on the pleadings.

The judgment of the district court is reversed and remanded, with instructions to overrule the motion for judgment on the pleadings and take such further proceedings, not inconsistent herewith, as may be necessary.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.