**SCHOOL DISTRICT NO. 39 et al. v. SCHOOL DISTRICT NO. 20.**

No. 16788—Opinion Filed Sept. 28, 1926.

**1. Schools and School Districts—Original Districts Revived by Dissolution of Consolidated District.**

Upon the dissolution of consolidated school district, the original school districts, which had united in forming such consolidated school district, are revived.

**2. Same—Alteration of Boundaries—Finality of Action of Board of County Commissioners on Appeal.**

The action of the board of county commissioners, on appeal from the ruling of the county superintendent of public instruction in the matter of altering the boundaries of or changing school districts, is final.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by School District No. 20 against School District No. 39 and Wilton Howard. Judgment for plaintiff, and defendants bring error. Affirmed.

Green & Pruet, for plaintiffs in error.

Bridges & Vertrees and Anderson & Anderson, for defendant in error.

Opinion by JARMAN, C. During the year 1921, consolidated school district No. 30 was formed from school districts Nos. 18, 19, 30, and 39. Thereafter a strip of territory was detached from school district No. 20 and attached to said consolidated school district No. 30. On May 17, 1923, by vote of the qualified electors of consolidated school district No. 30, said consolidated district was dissolved, and the county superintendent issued his proclamation to that effect and reestablished districts 18, 19, 30, and 39, as required by section 10481, C. S. 1921. The record is not clear as to the disposition made by the county superintendent in his proclamation of that portion of consolidated school district No. 30, which was detached from school district No. 20. At any rate, either in said proclamation or by subsequent order, the county superintendent made an order attaching that portion of school district No. 20 to school district No. 39, from which school district No. 20 appealed to the board of county commissioners of Jefferson county. The board of county commissioners reversed the order of the county superintendent, and ordered that said territory be attached to school district No. 20, from which it had come. From this order, school district No. 39 and certain electors appealed to the district court of Jefferson county. On motion of school district No. 20, the appeal to the district court was dismissed for want of jurisdiction, from which order and judgment school district No. 39 has appealed to this court.

The only question involved here is whether an appeal may be taken from the order of the board of county commissioners, altering or changing the boundaries of school districts, to the district court.

Counsel for plaintiffs in error insist that this is an action involving consolidated school districts, and should be governed by the decisions applicable thereto. This position is erroneous for the reason that, when the required per cent. of the voters of consolidated school district No. 30 voted to dissolve said consolidated district, the original school districts. which had united in forming this consolidated district, became revived, which should have been declared by proclamation issued by the county superintendent, and, therefore, that portion of school district No. 20, which had been detached therefrom and attached to the consolidated district, became revived as a part of school

district No. 20; and any order that was then made by the county superintendent affecting school district No. 20, or any part thereof, did not involve the consolidated district— the consolidated district at that time had no existence.

This proceeding is governed by section 10321, C. S. 1921, which provides that it shall be the duty of the county superintendent to divide the county into a convenient number of school districts, and authorizes him to change such districts, when the interests of the people require it, by making them conform to existing topographical or physical conditions, and prescribes the procedure therefor, and provides that an appeal may be taken from the order of the county superintendent, changing such district or districts, to the board of county commissioners, and further provides that, "their (board of county commissioners') decision shall be final." Said section appeared as section 7701, R. L. 1910, and was amended by section 11, art. 2, ch. 219, S. L. 1913. and was further amended by chapter 223, S. L. 1919, and, as so amended, was brought forward and now appears as section 10321, C. S. 1921. At all stages of its history, said section provided, and now provides, that the decision of the board of county commissioners in matters of this kind shall be final.

It is insisted, however, by counsel for plaintiffs in error, that under section 7781, R. L. 1910, an appeal lies from the order of the board of county commissioners to the district court, and from there to the Supreme Court. Said section 7781 does provide that any person or persons who feel aggrieved by the order of the county superintendent in the matter of the formation or alteration of a school district shall have the right to appeal to the board of county commissioners, and further provides for an appeal from the action of the board of county commissioners to the district court; however, said section was not carried forward in the Compiled Statutes of 1921, and was not a part of our statutory law at the time of the appeal in the instant case. Besides, this court has held that section 7781, R. L. 1910, was repealed by section 7701, R. L. 1910. School District No. 7 v. Cunningham, 51 Okla. 261, 151 Pac. 633; Board of Education v. McCracken, 62 Okla. 173, 162 Pac. 782.

Counsel for plaintiffs in error cite and rely upon the cases of King v. State et rel. O'Reilly, 83 Okla. 297, 201 Pac. 641, and Davis v. Whitehead, 86 Okla. 273, 208 Pac. 216, to sustain their right to appeal in the instant case from the order of the board of county commissioners to the district court.

In the first place, both of the cited cases deal with consolidated school districts, whereas the instant action merely involves the changing or altering of the boundary of a common school district. In the case of King v. State ex rel. O'Reilly, supra, an election was called by the county superintendent for the purpose of determining whether certain common school districts ought to be combined as a consolidated district. The sufficiency of the petitions filed with the county superintendent for the purpose of consolidating the districts was questioned, and the county superintendent held them to be sufficient and called the election, which resulted in consolidation. An action then was instituted in the district court in the nature of quo warranto, to test the validity of the consolidation, and this court held that an appeal lay from the action of the county superintendent to the county commissioners, and from their ruling or order, to the district court. An appeal from the action of the county commissioners to the district court was not involved in that case, and the unfortunate language used in the body of the opinion, that an appeal lay from the action of the county commissioners to the district court, is purely dictum. The court properly held in that case that an appeal lay from the action of the county superintendent to the board of county commissioners, and that was sufficient for the purposes of the opinion.

The court based its holding that an appeal lay from the action of the board of county commissioners to the district court on section 7781, R. L. 1910, but as we have heretofore pointed out that section had been repealed.

In the Davis Case, supra, an action was instituted in the district court of Tillman county to restrain the county superintendent from holding an election, which he had called for the purpose of voting upon the consolidation of certain common school districts, and the ground alleged was that no valid petition had been filed with the superintendent to authorize the calling of such election. This court disposed of the question in the same manner as in the King Case, and denied the injunctive relief. The holding we have made with respect to the King Case applies to the Davis Case.

For the reasons given, the action of the county superintendent with respect to changing or altering the boundary of school district No. 20 was final and the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 858 (Anno). (2) 35 Cyc. p. 836.