Note.—See under (1) 32 C. J. p. 1317, §567; 33 C. J. pp. 20, 21, §672; p. 22, §676; p. 25, §683; p. 30, §690; 14 R. C. L p. 1348; 3 R. C. L. Supp. p. 388. (2) 33 C. J. p. 30, §690. (3) 40 Cyc. pp. 253, 265; 27 R. C. L. p. 904; 3 R. C. L. Supp. p. 1522; 4 R. C. L. Supp. p. 1769; 5 R. C. L. Supp. p. 1486; 6 R. C. L. Supp. p. 1673. (4) 33 C. J. p. 25, §683; 40 Cyc. p. 257. (5) 33 C. J. 137, §870; 27 R. C. L. p. 912; 5 R. C. L. Supp. p. 1487; 6 R. C. L. Supp. p. 1674. (6) 33 C. J. pp. 130, 131, §863; p. 137, §870.

---

**COX et al. v. BOWLES, Co. Supt., et al.**

No. 17496—Opinion Filed Jan. 4, 1927.

Rehearing Denied March 15, 1927.

### Injunction—Injunction Against Changing Boundaries of Joint School District—Remedy by Appeal not Pursued.

Where an injunction is sought against two county superintendents of public instruction enjoining them from putting into effect a certain order theretofore promulgated by them as such county superintendents, changing the boundaries of a certain joint school district lying contiguous thereto, and where the petition, and the copy of the notice attached thereto as an exhibit, show upon their face that the proceeding sought to be enjoined was had under section 10,-350, Comp. Stat. 1921, the remedy of any person or persons aggrieved thereby is by appeal to the State Superintendent of Public Instruction, and where no such appeal has been taken a general demurrer to the petition is properly sustained.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by J. W. Cox et al., against A. G. Bowles, County Superintendent of Public Instruction of Tulsa County, Okla., and C. C. Bell, County Superintendent of Public Instruction of Pawnee County, Okla., to enjoin said defendants from putting into operation and effect a certain order theretofore made by such county superintendents changing the boundaries of Joint School District No. 2, Tulsa County. Judgment was entered in favor of the defendants, and plaintiffs bring error. Affirmed.

Wm. Blake, for plaintiffs in error.

Byron Kirkpatrick and James Harrington, for defendants in error.

Opinion by PINKHAM, C. Plaintiffs in error, as plaintiffs in the trial court, sought an injunction against the defendants in error, as defendants, as county superintendents of public instruction of Tulsa and Pawnee counties, respectively, restraining and enjoining said defendants from putting into operation and effect, a certain order theretofore made by such county superintendents and published, changing the boundaries of joint district No. 2, Tulsa county, pursuant to request of a large number of householders in said joint district No. 2, Tulsa county, and district No. 57. Pawnee county.

The trial court granted a temporary restraining order and continued the same in effect from time to time until the hearing on the demurrer filed on the part of the defendants. The grounds of defendants' demurrer are: First, that the court has no jurisdiction to near, try, or determine the matter involved in this proceeding; second, that plaintiffs have no capacity to institute, prosecute, or maintain this action; third, that the petition of plaintiffs does not state a cause of action in favor of plaintiffs, and against these defendants.

The court rendered its judgment sustaining the demurrer of the defendants and dissolved the temporary restraining order theretofore granted, and the plaintiffs having elected to stand upon their petition, the cause was by the court dismissed; at which time the plaintiffs excepted to the rulings of the court, and have duly appealed to this court by petition in error and transcript of the record attached thereto.

The first proposition presented and discussed in plaintiffs' brief is whether or not the petition states a cause of action.

The petition in substance alleges the existence of joint school district No. 2, in Tulsa county, and common school district No. 57, in Pawnee county; that they are distinct entitles and corporations organized as school districts, and that the plaintiffs, J. W. Cox, Otto O'Keif, and Ira Shock, are and constitute the board of directors of joint school district No. 2, the parties complaining of the proceedings of the county superintendents of Tulsa and Pawnee counties in undertaking to join together or constitute said districts in the manner and under such proceedings as is shown in said petition, and without submitting the action

of uniting or consolidating the two school districts to the vote of the people as required by law.

The petition further alleges that a petition was circulated in said two districts, and that said petition provided for uniting said two districts into a union graded school district where branches higher than the branches in the common schools might be taught; that these petitions were submitted to the county superintendents of the two counties and that acting upon these petitions certain orders were made by the county superintendents, the nature of which was unknown to these plaintiffs, and that afterwards notices were posted in various places in the two districts advising the residents of said districts that they had made an order attaching the said district No. 57 of Pawnee county to joint district No. 2 of Tulsa county, and consolidating the same for the purpose of creating a new district as a union graded school district, and thereby disorganized as a corporate entity school district No. 57 in Pawnee county and joint school district No. 2 in Tulsa county; that on the 15th day of March, 1926, the said defendant A. G. Bowles, county superintendent of public instruction of Pawnee county, caused to be written, published and posted in various public places in joint school district No. 2 in Tulsa county and school district No. 57 in Pawnee county certain written notices, which said notices are in words and figures as follows, to wit: "Ten Days' Notice of the Alteration of School District Boundaries.

"Notice is hereby given that on the 12th day of March, 1926, we changed the boundaries of school districts No. 57 and Joint 2 Township No. 19 and 20 Range No. 9 and 10, Counties of Tulsa and Pawnee, State of Oklahoma, as follows:

"1. By attaching all of school district number Fifty-seven (57) Pawnee County, to Joint District Number Two (2), Tulsa County.

"And if no appeal be taken within ten days of the posting of this notice, we will complete said change.

"Dated this 12th day of March, 1926.

"(Signed)          A. G. Bowles

"Co. Supt. Public Instruction, Tulsa County.

"(Signed)          C. C. Bell.

"Co. Supt. Public Instruction, Pawnee County.

"Posted by me this 15th day of March, 1926, in Five Public Places.

"(Signed)          E. C. Dickenson."

The petition further alleged that no other notices were posted, and at no time did the county superintendents of public instruction of said counties call a special meeting of the qualified voters of said two districts, nor was there presented to the county superintendents of public instruction of said counties a petition signed by one-third of the legal voters of said districts, nor was there at any time a notice of special meeting posted in five public places calling for a special school meeting, and that no meeting was ever held permitting the qualified voters to vote upon the question of consolidating or uniting said school districts into a union graded school district.

Counsel for plaintiffs states in his brief that the question involved in this case is whether section 10349, C. S. 1921, authorizing and empowering the county superintendents of two or more counties to unite or consolidate two or more separate school districts for the purpose of forming a union graded school district, or whether section 10483, C. S. 1921, which provides the means and methods of forming a union graded school district out of two or more districts, should be followed.

Section 10483, supra, provides for the calling of an election for the purpose of forming a union graded school district upon petition of one-third of the qualified voters of the districts sought to be united. Section 10349, supra, provides that when it shall become necessary to form a school district lying partly in two or more counties, the county superintendents of public instruction in the counties in which the said tract of country shall be located when application shall be made in writing to anyone of them by five householder residents therein, shall, if by them deemed necessary, meet and proceed to lay off and force the same into a school district, issue notices of the first district meeting, and shall file the proper papers in their respective offices, and such districts so organized shall be designated "Joint District No. ——, counties of ——————, "etc.

The following section, 10350, C. S. 1921, provides as follows:

"If, in the alteration of, or refusal to alter, the boundaries of any joint school district, any person or persons shall feel aggrieved, such person or persons may appeal to the State Superintendent of Public Instruction."

In the case of State ex rel. v. Ross, 76 Okla. 11, 183 Pac. 918, this court, in construing section 2, art. 4, c. 219, Sess. Laws 1513 (sec. 10350, C. S. 1921), said, at page 14 of the opinion:

"But this statute involves only the organization of joint districts, which we understand are nothing more nor less than ordinary school districts lying partly in two or more counties. In the formation of such districts no election is held, the statute requiring only that 'when application shall be made in writing to any one of them (superintendents) by five householder residents therein,' the county superintendents of the respective counties shall, if by them deemed necessary, meet and proceed to lay off and form a joint school district. If, in the alteration of, or refusal to alter, the boundaries of any joint district, any person or persons shall feel aggrieved, such person or persons may appeal to the State Superintendent of Public Instruction within ten days after the rendition by them of the decision appealed from."

It is apparent from an examination of the petition in the instant case that the Tulsa county school district No. 2 was a joint district, and upon the written application of householders and legal voters residing in joint district No. 2 of Tulsa county, which was presented to the county superintendent of Tulsa county, requesting him to act in conjunction with the county superintendent of Pawnee county, to form a new district by uniting joint district No. 2 with district No. 57, Pawnee county, an order was made attaching all of school district No. 57, Pawnee county, to joint district No. 2, Tulsa county. In other words, the boundaries of joint school district No. 2, Tulsa county, were by said order altered by extending its boundary so as to include common school district No. 57. This order was signed by the superintendents of the two counties and notices duly posted to the effect that if no appeal from the said order was taken within ten days the change of the boundaries should be complete as provided in the said order.

No appeal was taken to the State Superintendent of Public Instruction, and the plaintiffs, comprising the district board of joint district No. 2, of Tulsa county, instituted this suit to enjoin the defendants from further proceeding in carrying out the said order.

A number of decisions of this court are cited construing various sections of the school laws of this state with reference to the formation of common school districts, union graded school districts, and consolidated school districts. These decisions are

not applicable to the state of facts pleaded in plaintiffs' petition.

If these districts were both common school districts, section 10483, C. S. 1921, would apply to the procedure to be followed, but the question raised, and which must be determined in this case, is not whether the proceedings had before the county superintendents were regular, but whether the power to review the action of such superintendents, where one of the districts involved is a joint school district already established and operating as a separate entity, is lodged in the courts or in the State Superintendent of Public Instruction, the action sought to be reviewed having the effect of changing and altering the boundaries of the joint district already created and operating.

If we understand the argument of counsel for plaintiffs it is to the effect that an attempt was made by the county superintendents to create a union graded school, and that section 10483, supra, specifically provides for the means of uniting, joining, or consolidating two separate school districts for the purpose of forming a union graded school, and that the first step to be taken is a special school meeting of the qualified voters for the purpose of voting on the proposition of forming a union graded school district upon presentation to the county superintendents of public instruction of a petition signed by one-third of the legal voters of each district proposed to be incorporated in the union graded school district as certified by the clerks of said districts.

It is true the plaintiffs in their petition alleged that a petition was circulated in the two districts, and that said petition provided for uniting said two districts into a union graded school district where branches higher than the branches in the common schools might be taught. This language, however, means no more than that the higher branches were to be taught in the joint district proposed to be established through the alteration of the boundaries of joint school district No. 2.

The adding of common school district No. 57 to joint district No. 2 simply operated to extend and enlarge the boundaries of joint district No. 2 so as to give the requisite area, population, or valuation necessary to thereafter transform it into a union graded school district.

We conclude that the trial court properly sustained the defendants' demurrer to plaintiffs' petition and that the judgment dismissing the plaintiffs' petition should be affirmed.

By the Court: It is so ordered.

Note.—See 32 C. J. p. 252, §395; p. 341, §565; 35 Cyc. pp. 835, 847 (Anno).