STRINGER, County Supt., v. Ross et al.

*100 P. 2d 438.*

No. 29091.   March 19, 1940.

E. H. Gipson, of Sayre, for plaintiff in error.

J. Scott Vincent, of Cheyenne, for defendants in error.

702

DAVISON, J. This is an appeal from the action of the trial court in issuing a writ of mandamus against the plaintiff in error upon the petition of the defendants in error.

The parties will hereinafter be designated "petitioners" and "respondent," as they appeared in the trial court.

The petitioners are resident voters of joint consolidated school district No. 4, which is located partly in Beckham county and partly in Roger Mills county. Prior to filing this action they signed a petition requesting that the portion of said school district in which they lived be detached from that district and attached to joint consolidated school district No. 9, which adjoins joint consolidated school district No. 4 and also lies partly in both counties. The petition was also signed by the members of the board of directors of joint consolidated school district No. 9. The petition was then presented to the county superintendents of both counties. The county superintendent of Roger Mills county prepared and signed notices of a hearing to be held upon the matter, but the respondent, who is the county superintendent of Beckham county, refused to join in said notices and signified her position in regard to the proposed change by letter to the county superintendent of Roger Mills county and the attorney for the petitioners in which she stated that she did "not deem it for the best interest of the joint district to change" its boundaries "as prayed for in said petition."

The respondent takes the position that the detachment of territory from one consolidated district and its attachment to another such district is within the discretion of the county superintendent or superintendents of the county or counties within which the districts affected are located; that her refusal to join with the county superintendent of Roger Mills county in giving notices of a hearing on the petition in the present instance constitutes a refusal to make the proposed change; that the petitioners' remedy is to appeal the matter to the State Superintendent of Public Instruction; and that in the absence of such an appeal, the district court was without jurisdiction to interfere in the matter as was done in this case.

We deem it unnecessary to deal with all of the above contentions or to approve or disapprove of the respondent's position in toto, but we find in certain aspects of her argument sufficient demonstration that the issuance of a writ of mandamus cannot be upheld herein.

From the petitioners' brief it is indeed difficult to determine upon which of the statutes concerning the formation or annexation of school districts they rely for support of the action of the trial court. At one point in their brief they assert that "section 6915, O. S. 1931 (70 O.S.A. 251), provides the procedure for detaching territory from any district and attaching the same to a consolidated district," but they seem to recognize that said section does not prescribe the manner of proceeding in the event that the county superintendent refuses to act upon a petition for such a change and upon the authority of section 6927, O. S. 1931 (70 O.S.A. 258), they cite section 6796, O. S. 1931 (70 O.S.A. 91), apparently as being applicable. A contention that statutes dealing with joint districts (such as section 6796, supra) have any application to matters regarding annexation to consolidated districts, if not wholly inconsistent with the petitioners' position, would at least seem to be some acceptance of the respondent's view that they govern the procedure in the event of the county superintendent's refusal to make or join in such an annexation, which she says is an appeal to the State Superintendent under section 6797, O. S. 1931 (70 O.S.A. 92), rather than court action.

It is unnecessary in disposing of this appeal to decide whether the statutes concerning consolidated districts or those concerning joint districts exclusively govern the controversy. Whether the respondent's conduct be construed

as a "refusal to alter" the boundaries of joint districts under section 6797, supra, or as a refusal to change the boundaries of consolidated districts, the petitioners' remedy lies in an appeal rather than in a proceeding for a writ of mandamus. Section 6797, O. S. 1931, supra, specifically provides that:

"If, in the alteration of, or refusal to alter, the boundaries of any joint school district, any person or persons shall feel aggrieved, such person or persons may appeal to the State Superintendent of Public Instruction. * * *"

If, on the other hand, the project which the petitioners sought to have accomplished be regarded as the annexation of adjacent territory to a consolidated district as distinguished from a joint district (see State v. Specht, 83 Okla. 31, 200 P. 211; Cox v. Bowles, 124 Okla. 117, 254 P. 101; State v. Ross, 76 Okla. 11, 183 P. 918), then their remedy against the respondent's refusal to carry out her statutory duties in the matter is by appeal. Darnell v. Higgins, 124 Okla. 201, 255 P. 678; sec. 6915, O. S. 1931 (sec. 10462, O. S. 1921, 70 O.S.A. 251); sec. 6927, O. S. 1931 (sec. 10472, O. S. 1921, 70 O.S.A. 258); sec. 6771, O. S. 1931 (sec. 10321, O. S. 1921, 70 O.S.A. 31); sec. 6778, O. S. 1931 (70 O.S.A. 596); In re Consolidation of School Dists. Nos. 14, 20, 180 Okla. 271, 69 P. 2d 365. In this connection also notice the amendment to section 6778, supra, enacted by the last session of the Legislature (chapter 34, art. 3, S. L. 1939).

The petitioners, however, assert that the respondent's conduct amounts merely to no action; that she has made no decision in the matter of the annexation sought; and that therefore there is nothing from which to appeal. In our opinion there is little, if any, consistency in this argument and the argument that the respondent has refused to perform a duty enjoined upon her by statute. As we have seen, section 6797, supra, specifically includes "refusal to alter," and while neither section 6915 nor section 6771, supra, expressly mentions a "refusal" to change the boundaries of a district or to attach a part of a district adjacent to a consolidated district, this court has held in Board of Education v. McCraken, 62 Okla. 173, 162 P. 782, that section 11, art. 2, c. 219, S. L. 1913 (the portion of section 6771, supra, in which an appeal is provided) contemplates such refusal. In our opinion, the conduct of the respondent in this case can be construed as nothing less than a denial of the request or prayer contained in the petition presented, whether the action prayed for should conform to the statutes concerning joint districts or those concerning consolidated districts.

Upon the foregoing considerations, we conclude that since the petitioners were provided by statute with a legal remedy, the trial court erroneously granted them a writ of mandamus against the respondent. The writ is therefore vacated and set aside.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and OSBORN, JJ., concur.