STATE ex rel. BABB, County Atty., v. SMITH et al.

No. 20188.    Opinion Filed Feb. 25, 1930.

Rehearing Denied April 15, 1930.

James Babb and Claud Briggs, for plaintiff in error.

R. P. White and A. E. White, for defendants in error.

RILEY, J. This in an appeal from a judgment which sustains the formation of consolidated school district No. 3, LeFlore county. The consolidated district was formed out of common school districts Nos. 37 and 39, and 200 acres theretofore embraced in district No. 58, all within said county.

The controversy centers about the 200-acre area drawn from district No. 58. Without that territory properly joined in the consolidation, the remaining territory is insufficient in assessed value as well as in area to comply with the statutory requirements for consolidation.

It is agreed that, in the formation of the consolidated district. no petition signed by one-third of the qualified electors of district No. 58 was ever presented to the county superintendent as required by section 10321, C. O. S. 1921, relating to formation and change of districts. It further appears that but two persons, Mr. and Mrs. Barton, resided upon the 200 acres of district 58 involved. Their names appeared upon the

petition contemplated by section 10462, C. O. S. 1921, relating to formation of consolidated districts. Yet these two persons in the trial of the cause, denied that they signed their names to the petition for consolidation. Their testimony was controverted by other witnesses and by exhibit of the petition itself.

Three assignments of error are presented; the last being in effect that the evidence is insufficient to show the trial court in concluding that the Bartons signed the petition for consolidation. We are invited to make a comparison of handwriting admitted and disputed. We do not base our judgment upon that comparison. We prefer to conclude that the trial court was in better position to view the demeanor of witnesses and to properly adjudge their credibility. We accept the conclusion made. The first and second assignments of error are that compliance was not had with requirements of section 10321, C. O. S. 1921, relating to formation and change of districts: (1) The filing of a petition with the county superintendent containing the signature of one-third of the qualified electors of district No. 58, who petitioned for the change, and (2) by giving 20 days' notice, as required by section 10321, supra, within district No. 58, of intention to change that district's boundary. As we view it, section 104 2. C. O. S. 1921, is the applicable and controlling statute for procedure in the formation of a consolidated school district. That section contemplates a special meeting of the voters of two or more adjacent school districts "or parts of districts or territory" upon call to be made by the county superintendent. such call to be based "upon petition signed by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district. * * * Notices of said special meeting shall be posted in at least five public places in each of the districts or parts of districts, proposed to be consolidated. at least ten days prior to date of said meeting, and also by publication, * * * and in addition thereto, notices of said special meeting shall be mailed by such county superintendent to each voter residing in the district proposed to be consolidated. * * * The voters at said meeting shall vote by written or printed ballot in favor of or against the forming of a consolidated school district". and shall elect officers to constitute the board of the consolidated district. A majority of the votes cast shall determine the issue of consolidation. While it is true section 10472, C. O. S. 1921, makes the law relating to school districts applicable to consolidated school districts where particular provision is not made specific (S. L. 1913, p. 537, c. 219, art. .), yet, where adequate and specific provision for formation of consolidation is made and compliance is had therewith (sec. 10462, S. L. 1919, p. 260 c. 186), and the only contention presented is that, as a result of consolidation, the boundary of a district, from which a small area was drawn, was changed so as to invoke and make applicable the additional statute relating to change in boundary, we hold that such boundary statute has no application, in so far as the specific provisions of the section on consolidation can govern the procedure. We find as to notice and as to the petition that the consolidation statute is adequate and specific, and we presume the same was followed in the consolidation presented.

The county superintendent passed upon the petition in the first instance and approved it. An appeal lay to the board of county commissioners under the statute. In King v. State ex rel. O Reilly, County Attv., 83 Okla. 297, 201 Pac. 641, it was held that in the absence of fraud the petition for consolidation could not be inquired into in a quo warranto proceeding; that the sufficiency of the petition was not open to collateral attack.

Judgment affirmed.

MASON, C. J., and CLARK, HEFNER, CULLISON, and SWINDALL. JJ., concur. LESTER. V. C. J., not participating. HUNT, and ANDREWS, JJ., absent.