## SMITH v. WELLS et al.

No. 22568. Opinion Filed Nov. 3. 1931.

Lillard, Wheeling & Gibbons and Hughes & Dickson, for contestant.

R. L. Howsley, John E. Luttrell, and J. D. Holland, for contestee and respondents.

HEFNER, J. This is an original application for a writ of certiorari for the purpose of reviewing the judgment of the district court of Texas county rendered in an election contest case.

W. C. Smith and Ralph Wells were rival candidates for the office of county commissioner of the Third commissioner's district of Texas county at the general election held November 4, 1930. After canvass of the returns Ralph Wells was declared elected to that office by the county election board. Smith thereafter filed a contest against Wells before the county election board wherein he challenged the correctness of the returns on the ground that illegal votes were cast for contestee and that eight or ten ballots in a certain precinct were rejected by the precinct election board as mutilated and were not counted. It is the contention of contestant that if these illegal votes had been rejected and the alleged mutilated ballots counted, he would have been elected.

The county election board held that the evidence was insufficient to authorize a recounting of the ballots and declared contestee legally elected. An appeal was taken by contestant to the district court of Texas county which resulted in an affirmance of the judgment of the county election board. Counsel seeks to review the proceedings by certiorari. We do not think the proceedings can be reviewed in this manner. In the case of Parmenter v. Ray, 58 Okla. 27, 158 P. 1183, this court announced the following rule:

"The office of the common-law writ of certiorari, where no adequate remedy by appeal is provided, is to bring up the record of an inferior court or tribunal for review as to jurisdictional matters only."

In the case of Harris v. District Court in and for Nowata County, 68 Okla. 231, 173 P. 69, this court said:

"The writ of certiorari, as used in this jurisdiction, brings up for review the sole question whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors committed by the inferior tribunal within the limits of its jurisdiction."

See, also, the following cases: Tucker v. Leonard, 76 Okla. 16, 183 P. 907; Southern

Nat. Bk. v. Wallace, 63 Okla. 206, 164 P. 461; In re Benedictine Fathers of Sacred Heart Mission, 45 Okla. 358, 145 P. 494. It is the contention of contestant that the court acted in excess of its jurisdiction in sustaining the judgment of the county election board and thus depriving him of his right to inspect and examine the ballots. The county election board denied contestant the right to inspect or recount the ballots on the ground that he failed to establish that such recount would probably change the result. It is contestant's contention that under the statute and the evidence presented he had a legal right to a recount and that in decreeing otherwise the trial court exceeded its jurisdiction. We cannot agree with this contention. The court had jurisdiction over the parties and subject-matter of the action. It had the power to determine as to whether contestant, under the law and record presented, was entitled to a recount. It determined this issue against contestant. It is not necessary to determine the question, as to whether or not the trial court was correct in so holding, for even though we should hold that it committed error in this respect, such error could not be corrected by certiorari.

In the case of Grady County v. Chickasha Cotton Oil Co., 63 Okla. 201, 164 P. 457, this court said:

"The common-law writ of certiorari, as used in this jurisdiction, brings up for review but one question, and that is whether the inferior tribunal or court kept within or exceeded the jurisdiction conferred upon it by law. It cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction."

No jurisdictional errors have been shown. The writ is denied.

CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY and ANDREWS, JJ., absent.

Note.—See under (1) annotation in 50 L. R. A. 788; 5 R. C. L. 250; R. C. L. Perm. Supp. p. 1342; R. C. L. Pocket Part, title "Certiorari, § 3.