## BOARD OF COM'RS OF CARTER COUNTY et al. v. WOODFORD CONSOLIDATED SCHOOL DIST. NO. 36.

No. 21183. Opinion Filed Feb. 28, 1933.

Supplemental Opinion on Rehearing and Rehearing Denied Oct. 17, 1933.

228

for. From that order an appeal was attempted to the board of county commissioners. The county superintendent disregarded the appeal and proceeded to hold the election. He declared a consolidated district organized under the name of Woodford consolidated school district No. 36. The cause came on for trial before the board of county commissioners, and, after a trial de novo, that board held that the election was improperly called for the reason that the petition presented to the county superintendent from school district No. 34 was not signed by a majority of the legal voters of that district. The board of county commissioners made an order to that effect. Thereafter Woodford consolidated school district No. 36 and certain individuals filed a petition for a writ of certiorari in the district court of Carter county. Neither school district No. 34 nor school district No. 36 were made parties to that action, possibly for the reason that the plaintiffs therein contended that those districts had ceased to exist by reason of the organization of the consolidated school district, which was one of the plaintiffs in that action. The district judge made an order requiring the board of county commissioners and the county clerk to certify the record to that court. That record was filed in that court, and that court, after a hearing, over the objection of the defendants in that action, reversed the order of the board of county commissioners. An appeal was taken to this court by the defendants in that action. The appeal was by transcript from an order overruling the demurrer to the petition, from an order overruling the motion to dismiss the action, and from the judgment of the trial court on the merits.

The defendant in error contends that there was no right of appeal to the board of county commissioners from the order of the county superintendent holding the petition for consolidation to be sufficient; that if there was such a right of appeal, it was by reason of section 7781, R. L. 1910, and that no notice of appeal, as therein provided, was given.

A determination of the issues in this case will require a review of the history of the school legislation of this state.

By the provisions of article 1, ch. 79, Stat. utes of Oklahoma 1890, township, city, and town schools were provided for, and it was provided that, where the school population was sufficient, four schools should be established in each township, the township schools to be under the control of the town-

Marvin Shilling, Co. Atty., and Moore & George, for plaintiffs in error.

Champion, Champion & Fischl, for defendant in error.

ANDREWS, J. In the month of October, 1929, certain petitions purporting to be signed by a majority of the qualified voters of school districts Nos. 34 and 36 were presented to the county superintendent of Carter county, requesting the calling of an election for the purpose of organizing the territory comprising those school districts into a consolidated school district. The county superintendent declared the petitions to be sufficient and called an election as prayed

ship board and one person elected at large. The township and the towns were the units for school purposes.

In 1893 the school system was changed from township organization to district organization. School District Nos. 5 and 8 v. School District Nos. 6 and 7, 11 Okla. 72, 65 P. 939. By the provisions of section 5760, Statutes of Oklahoma 1893, it was made the duty of the county superintendent to divide the county into a convenient number of school districts and to change such districts when the interest of the inhabitants thereof required it. That section authorized any person interested to appeal to the board of county commissioners from the action of the county superintendent. By the provisions of section 5767, Statutes of Oklahoma 1893, it was provided that if, in the formation or alteration of, or refusal to form or alter school districts, any person or persons should feel aggrieved, the person or persons might appeal to the board of county commissioners. Section 5760, supra, was a part of the article relating to the duties of the county superintendent, and section 5767 supra, was a part of the article relating to school districts. Those sections were similar, and the question arises why they were both adopted.

When the Code was revised by the adoption of the Revised Laws of 1910, section 5760, supra, as it has been amended and as it was changed by the codifiers, was carried forward as section 7701 thereof, and section 5767, supra, as it has been amended and as it was changed by the codifiers, was carried forward as section 7781 thereof.

We find an answer to the question in the decision of this court in Woolsey v. Nelson, 43 Okla. 97, 141 P. 436. This court therein had under consideration sections 7701 and 7781, supra. It held that the duties of the county superintendent under the provisions of section 7701, supra, were limited to acts in the formation of districts in the first instance, or in simply changing the boundary lines of districts thereafter: that that officer was not authorized, under that section, to wholly dissolve any district, or to form a new district by consolidating two or more districts into one, and that under the provisions of section 7781, supra, authority was conferred upon the county superintendent, not only to change the boundary lines, but to alter any district.

In School District No. 17 v. Zediker, Co. Supt., 4 Okla. 599, 47 P. 482, the litigation arose out of the action of the county super-intendent in attempting to change the boundaries of a number of school districts, and section 5760, supra, was under consideration. Therein it was contended that when a school district had once been formed, it became an incorporated body over which the people of the district had control, and that there could be no change in the boundaries except when, by reason of the topographical or physical conditions, it was in the interest of the people to change the boundaries. This court thought that construction to be too narrow. It held that a school district is but a subordinate agency, a creature of the Legislature, which the Legislature might create or abolish, or the boundary of which it might change without consulting the inhabitants. It held that the statutes authorized the county superintendent to make changes without regard to the topographical and physical conditions, if the interest of the inhabitants of the county required such changes to be made, and that the clause of the statute relating to topographical and physical conditions was intended to be merely directory. It therein held that the powers conferred upon the county superintendent by the section were judicial in their nature and required the exercise of judicial discretion.

In School District No. 44 v. Turner, 13 Okla. 71, 73 P. 952, it was held that the county superintendent had no power or jurisdiction to change the boundaries of an organized school district, by detaching a portion thereof and by forming and creating thereby a new district, until a petition had been duly presented to him, as required by the statute, and that where a county superintendent acted arbitrarily and without such a petition and notice, an injunction was the proper remedy. It was therein said that the statutory requirements were clear, positive and mandatory and left no discretion to the county superintendent, and that the action of the county superintendent, in proceeding before a proper petition had been filed and statutory notice had been given, was an arbitrary exercise of power, wholly unauthorized, and, therefore, absolutely null and void. The opinion does not state why injunction was approved as a proper remedy when an appeal was authorized, but it shows that no petition had been presented to the county superintendent. Since no petition had been presented, and since the county superintendent was without any authority to proceed, that court evidently thought that injunction was a proper remedy and that it was not necessary to resort

to appeal. That rule as to injunction was applied in School District No. 44 v. Turner, supra, and School District No. 17 v. Eaton, Co. Supt., 97 Okla. 177, 223 P. 857. This court, in a number of instances, has held that quo warranto would not lie. Smith v. State ex rel. Berry, Co. Atty., 84 Okla. 283, 203 P. 1046, and King v. State ex rel. O'Reilly, Co. Atty., 83 Okla. 297, 201 P. 641. The rule as to the invalidity of the action of the county superintendent, where no petition had been filed, has been followed by this court in Smith v. State ex rel. Berry, Co. Atty., supra; King v. State ex rel. O'Reilly, Co. Atty., supra; School Dist. No. 44 v. Turner, supra; Cleveland v. School Dist. No. 79, 51 Okla. 69, 151 P. 577; Gregg v. Hughes, 89 Okla. 168, 214 P. 904; School Dist. No. 17 v. Eaton, Co. Supt., supra; Consolidated School Dist. No. 72 v. Board of Education, 113 Okla. 217, 242 P. 173; Chandler. Co. Supt., v. Barber, 113 Okla. 222, 241 P. 145; Weathers v. Liebhart, 129 Okla. 185, 263 P. 1108; School Dist. No. 9 v. Bd. of Com'rs, 138 Okla. 254, 280 P. 807, and School Dist. No. 65 v. Bd. of Com'rs, 148 Okla. 5, 296 P. 483.

In Wade, Co. Supt., v. Eakin, 31 Okla. 640, 122 P. 176, the right of appeal to the board of county commissioners was sustained. It was held that that right existed, not only from the action of the county superintendent, but from his refusal to act.

Under the provisions of section 1, art. 13, and section 5, art. 1, of the Constitution, the Legislature is required to establish and maintain a system of free public schools, wherein all of the children of the state may be educated, and which shall be open to all of the children of the state.

The territorial statutes were carried forward into this Code by the provisions of section 2 of the Schedule of the Constitution.

Article 13, ch. 74, R. L. 1910, relates, in part, to the organization of consolidated school districts. Section 7880, a part of that article, provides that in all matters relating to consolidated school districts, not provided for in the preceding sections, the laws relating to school districts shall be in force where said laws are applicable. Under that provision, section 7781, supra, was applicable to the formation of consolidated school districts, and an appeal was authorized thereby to the board of county commissioners from an action of the county superintendent in the formation of a consolidated school district, and from the action of the board of county commissioners thereon to the district court.

Such was the effect of the decision of this court in Board of Com'rs v. Worrell, 33 Okla. 390, 126 P. 785. Therein it was found that while the Legislature had provided, in terms, for the formation of consolidated school districts, it had not provided, in terms, for the changing of such districts. Therein it was held that the laws relating to school districts applied to consolidated school districts and authorized the county superintendent to change the boundaries thereof, although no specific provision therefor had been made by the Legislature. That rule was followed in Elvinger v. Duke, Co. Supt., 43 Okla. 79, 130 P. 147. Therein this court said:

"The proposition involved is solely a question of statutory construction. If the statute as construed by this court in Board of County Com'rs of Garfield County v. Worrell supra, does not in the minds of the Legislature sufficiently meet the demands of the public in the organization, maintenance, and alteration of consolidateed school districts, that body is now in session and the defects of the statute as construed can be remedied by additional legislation."

In State ex rel. West, Atty. Gen., v. Balzer, 43 Okla. 200, 141 P. 777, the same question was presented, and this court therein called attention to the fact that after the statute had been construed, as aforesaid, the Legislature had re-enacted section 7880, supra, as section 8, art. 7, ch. 219, Session Laws 1913. This court said that in the re-enactment of the section the Legislature was presumed to have known the construction which the former statute had received by this court and to have adopted that construction. Therein it was pointed out that a consolidated school district is a part of the common school system, a subordinate agency of the state, and subject to the common school law, and that that conclusion was sustained by a legislative construction, the title of the 1913 act, supra, being "An Act prescribing laws for the government of the common schools of Oklahoma: and repealing conflicting laws," and that act providing for consolidated school districts. It is evident that the Legislature considered consolidated school districts to be common schools, and that construction must be given, else the provisions of chapter 219, S. L. 1913, with reference to consolidated schools must fail as not being included within or germane to the title of the act.

We follow that rule and hold that the

laws relating to school districts apply to consolidated school districts where those laws are applicable and where no specific provision has been made for consolidated school districts.

As we have pointed out, section 7880, supra, was re-enacted as section 8, art. 7, ch. 219, S. L. 1913. The 1913 act, supra, was an act prescribing laws for the government of the common schools of Oklahoma and repealing conflicting laws. We must look to the provisions of that act to determine what effect it had on the provisions of section 7701, supra, and section 7781, supra. Section 11, art. 2, of that act was a re-enactment of section 7701, supra, in effect, the changes therein being immaterial to any issue presented in this case. That section was amended by chapter 223, S. L. 1919. In so far as the issues in this case are concerned, that amendment made no substantial change in the provisions theretofore made. Article 7 of the 1913 act, supra, was, in effect, the re-enactment of the provisions of R. L. 1910 with reference to the consolidation of school districts, the changes thereby made being immaterial to any issue presented in this case. The 1913 act, supra, did not include the provisions of section 7781, supra. It provided for the establishment of consolidated school districts by action of the voters of any two or more adjacent school districts or parts thereof and the procedure therefor. As a part of the procedure it required a petition to the county superintendent, the calling of a meeting, notice thereof, and an election.

In Cleal v. Higginbotham, 49 Okla. 362, 153 P. 64, it was held that under the 1913 act, supra, there was no provision for an appeal to the board of county commissioners from the action of the county superintendent, or to the district court from the action of the board of county commissioners, for the purpose of reviewing the action of the people themselves in creating a consolidated school district. In a number of subsequent decisions a similar statement was made, among which was Board of Education v. McCracken, County Assessor, 62 Okla. 173, 162 P. 782. Therein it was held that an appeal would lie to the board of county commissioners from an order of the county superintendent and that an appeal would not lie from the order of the board of county commissioners to the district court. The effect of that decision was to hold that the provision of section 7781, supra, authorizing an appeal from the order of the board of county commissioners to the district court, had been repealed by implication by the 1913 act, supra, as to the right of appeal to the district court.

In King v. State ex rel. O'Reilly, Co. Atty., supra, it was held that section 8, art. 7, ch. 219, S. L. 1913, and section 7781, supra, authorized an appeal from the action of the county superintendent calling an election for the purpose of forming a consolidated school district. Therein this court said:

"The general rule, however, is stated in 15 Cyc. 319, as follows:

"'The presentation of such petition is a condition precedent to holding an election and it must be signed by the number of qualified persons prescribed by the statute, otherwise the election will be void.'

"This court in several cases has announced this general principle of law, to wit: School District No. 44 v. Turner, 13 Okla. 71, 73 P. 952; Cleveland v. School District No. 79, 51 Okla. 69, 151 P. 577. But in these cases there was no issue whether, if a petition was presented and the county superintendent found it contained the number of qualified persons prescribed by statute, said question would be subject to be reviewed in a collateral proceeding."

The court held that section 8, art. 7, ch. 219, S. L. 1913, and section 7781, supra, when construed together, authorized an appeal from the action of the county superintendent to the board of county commissioners and that the board of county commissioners should determine the sufficiency of the petition that had been filed with the county superintendent on appeal. The same rule was stated in Smith v. State ex rel. Berry, Co. Atty., supra. That holding was in direct conflict with the holding in Cleal v. Higginbotham, supra.

In School District No. 39 v. School District No. 20, 119 Okla. 292, 249 P. 690, it was said that the language used in King v. State ex rel. O'Reilly, Co. Atty., supra, was "purely dictum," although in that case it was held that the action of the board of county commissioners on appeal from a ruling of the county superintendent was final. Evidently the language criticized was with reference to an appeal from an order of the board of county commissioners to the district court, and not that with reference to an appeal from an order of the county superintendent to the board of county commissioners, for the effect of that decision was to sustain the right of appeal from an order of the county superintendent

to the board of county commissioners. In that case the court said:

"The court properly held in that case that an appeal lay from the action of the county superintendent to the board of county commissioners and that was sufficient for the purposes of the opinion."

In King, Co. Supt., v. State ex rel. Gossett, Co. Atty., 126 Okla. 130, 258 P. 755, the holding in King v. State ex rel. O'Reilly, supra, was followed.

We think that we have cited enough decisions of this court to show that they are conflicting. We are of the opinion that it is necessary for this court to determine the issue presented by this record without regard to the former decisions of this court.

As stated in State ex rel. West, Atty. Gen., v. Balzer, supra, the organization and conduct of consolidated school districts imposes a much greater burden upon the taxpayers of such districts than is imposed by the organization and conduct of what is commonly known as common school districts. By the enactment of the 1913 act, supra, did the Legislature intend that a consolidated school district might be organized without a right of appeal from the action of the county superintendent in calling such an election, when the petition therefor is insufficient and not in conformity with the legislative requirement therefor, when a right of appeal was granted from the action of the county superintendent in changing the boundary of the common school district, even though the changing of the boundary thereof is but slight?

As hereinbefore stated, an action of a county superintendent in calling an election for the consolidation of two or more school districts is null and void, unless a proper petition has been filed, as required by the statute. We are not convinced that the Legislature intended to abolish a long existing right of appeal to the board of county commissioners from such an order of the county superintendent.

The 1913 act, supra, was a new act by which a school code was provided. The two provisions of the 1893 act were no longer necessary. Every county had been divided into a convenient number of school districts. The Legislature doubtless thought it unnecessary to carry forward both of those provisions. Doubtless it thought that but one provision authorizing an appeal from the action of the county superintendent in calling an election for the purpose of changing school districts was all that was necessary.

After a review of the decisions of this court and of the statutes, we are of the opinion and hold that the Legislature intended, by the 1913 act, supra, to authorize an appeal to the board of county commissioners from the action of the county superintendent, in calling an election for the purpose of consolidation of two or more adjacent school districts, in the same manner and by the same provision that it authorized an appeal from the action of the county superintendent in changing the boundaries of a common school district.

We, therefore, hold that the provision of section 7781, supra, authorizing an appeal to the board of county commissioners from the action of the county superintendent in determining the sufficiency or insufficiency of a petition for the consolidation of two or more adjacent school districts or parts thereof, was not repealed by the 1913 act, supra; that the provision thereof authorizing an appeal from the action of the board of county commissioners to the district court was repealed by implication by that act, and that section 6771, O. S. 1931 (section 10321. C. O. S. 1921), authorizes an appeal to the board of county commissioners from the action of the county superintendent in determining the sufficiency or insufficiency of a petition for the consolidation of two or more adjacent school districts or parts thereof into a consolidated school district.

It is contended that the board of county commissioners is in no wise affected or injured by the judgment rendered by the district court of Carter county, and that it has no interest in the matter which entitles it to an appeal from that judgment. In support of that contention the defendant in error cites Eastwood v. Clinkscales, 82 Okla. 52, 197 P. 455; Baker v. Vadder, 83 Okla. 140, 200 P. 994, and Newbern v. Farris, 149 Okla. 74, 299 P. 192. Those decisions are not controlling. The correct rule is stated in 11 C. J., p. 218, sec. 401. See cases therein cited. We quote the second paragraph of the syllabus in Moede v. County of Stearns, 43 Minn. 312, 45 N. W. 435, as follows:

"The board of county commissioners, as the representative of the public, to whom is intrusted the matter of forming school districts, may appeal from an order of the district court reversing their action in establishing a new district."

In that case that court said:

"In support of the second ground, counsel urges that the county board is not a party to the certiorari, the writ being merely directed to them to bring up their proceedings for review; that the board is not a party ag-

grieved, having no interest in the subject involved,—likening the case to one where the judgment of a court is reviewed on certiorari, in which it is uniformly held that the court or judge whose judicial action is reviewed and reversed is not interested in the result, and hence cannot appeal, not being a party aggrieved. But, in our judgment, the cases are not all analogous. The court or judge in the case supposed has no representative capacity, but is merely the tribunal by whom the rights of others have been determined. But the board of county commissioners is the representative of the county or public, to which is intrusted the matter of forming new school districts, and uniting, dividing, or changing the boundaries of old ones, as public interests require. The public has a special interest in the establishment and preservation of these districts, and we think that the board of county commissioners, to whom that matter is intrusted, is, as the representative of the public in that regard, a party interested in and aggrieved by the order of the court reversing and setting aside their action, and therefore has the right of appeal."

Such is the rule in this state. The Legislature has provided for a review of the action of the county superintendent by the board of county commissioners and that the decision of that board shall be final. Upon that board has been placed the responsibility and that board represents the public and is a party interested and aggrieved by the order of the court reversing and setting aside its action. It has the right of appeal in the instant case.

It is urged that the cause is moot by reason of the election having been held and the consolidated district having been organized. We cannot agree with that contention. While the appeal was pending from the order of the county superintendent to the board of county commissioners, there was no authority to conduct such an election, and when the board of county commissioners reversed the action of the county superintendent, the actions taken in the organization of the consolidated school district were ineffective and void. The organization of a consolidated school district is dependent upon the filing of a proper petition signed by the required number of qualified electors. The language of the statute is clear, positive and mandatory and leaves no discretion to the county superintendent. The organization of a consolidated school district before a proper petition therefor is filed is wholly unauthorized and an attempted organization thereof is null and void. When the board of county commissioners found and determined that the petition was insufficient,

that order operated to nullify any and all of the actions taken leading up to the consolidation.

It is contended herein that no notice of appeal was given. It does not appear that that contention was made before the board of county commissioners and it was not made in the petition for certiorari. It cannot be presented to this court for the first time.

It is contended that the Thirteenth Legislature recognized the absence of a statute providing for an appeal when it enacted House Bill No. 98. We do not agree. House Bill No. 98 provided for an appeal from the order of the county superintendent to the county court. Thereby the former procedure for an appeal to the board of county commissioners was changed to provide for an appeal to the county court. That act in no wise indicates that there was no statute providing for an appeal to the board of county commissioners.

It is contended that the judgment roll is insufficient to sustain the contentions of the plaintiff in error. The judgment roll shows that the district court was without jurisdiction to review the action of the board of county commissioners. The board of county commissioners had jurisdiction to hear the appeal from the order of the county superintendent, and that is shown by the judgment roll. A writ of certiorari, as used in this jurisdiction, brings up for review the sole question whether the inferior tribunal has kept within or exceeded its jurisdiction. Smith v. Wells, 153 Okla. 25, 4 P. (2d) 734. No motion for new trial was necessary to present the record by transcript, and, while all of the contentions of the plaintiff in error cannot be sustained from the transcript, the contention that the petition for a writ of certiorari did not state a cause of action is amply supported by the transcript.

The judgment roll shows that the board of county commissioners found that the petition for consolidation was insufficient. That action was final if that board had authority of law to make it. The board of county commissioners had authority and jurisdiction to make the finding and order. Its determination thereof was not subject to review by the district court in a proceeding in certiorari. That fact was disclosed by the petition for certiorari. That petition did not state a cause of action and the defects therein were not cured by the attempted amendment.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to dismiss the action.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.

---

### Supplemental Opinion on Rehearing.

WELCH, J. As is clearly pointed out in the opinion of the court prepared by Mr. Justice Andrews, the essential question for determination in this action is whether or not an appeal would lie to the board of county commissioners from the action of the county superintendent approving and finding to be sufficient a petition for a meeting or election for the purpose of forming a consolidated school district. The defendants in error here contend that no such right of appeal exists.

In reference to the purported school district consolidation here involved, such an appeal was taken to the board of county commissioners of Carter county. The county superintendent had theretofore found that the petition for consolidation was sufficient. On appeal the board of county commissioners of Carter county held a hearing. At such hearing the parties appeared in person and by their attorneys. The board of county commissioners concluded and determined that the petition for consolidation was not sufficient, that it did not bear a sufficient number of signatures of the voters, and for that reason sustained the appeal. It seems to have been conceded that no appeal would lie from the board of county commissioners to the district court, and none was undertaken.

The defendants in error here then instituted in the district court of Carter county a proceeding in certiorari. The petition for writ of certiorari alleged in substance that the order made by the board of county commissioners of Carter county at a hearing on appeal from the county superintendent was of no force and effect, because no appeal is provided by law from the order of the county superintendent to the board of county commissioners, and the board of county commissioners was without jurisdiction to entertain such purported appeal, and the board of county commissioners acted arbitrarily and in excess of its jurisdiction, if there was any, because the petition for consolidation shows upon its face that it was signed by a sufficient number of voters. The writ of certiorari was issued, and upon final trial in the district court that court found that the allegations of the petition for writ of certiorari were sustained, and overruled the finding and order of the board of county commissioners.

It is a primary contention of the defendant in error that no appeal would lie from the county superintendent to the board of county commissioners. That no such appeal is provided by statute. That the language of the statutes as contained in section 7781, R. L. 1910, and section 11, ch. 219, art. 2, Session Laws 1913, in reference to appeal from the county superintendent to the board of county commissioners, cannot be construed to allow such an appeal as was here sought to be taken from the action of the county superintendent in finding and holding the petition for consolidation to be sufficient. Whatever force that contention might have, if it were an original contention, is undoubtedly foreclosed and barred by the former decisions of this court. This court in construing that statutory language has held in at least six cases that such an appeal from the county superintendent to the board of county commissioners would lie. King v. State ex rel. O'Reilly, 83 Okla. 297, 201 P. 641; Smith v. State ex rel. Barry, 84 Okla. 283, 203 P. 1046; Davis, County Superintendent, v. Whitehead, 86 Okla. 273, 208 P. 216; School District No. 39 v. School District No. 20, 119 Okla. 292, 249 P. 690; King, County Superintendent, v. State ex rel. Gossett, 126 Okla. 130, 258 P. 755; State ex rel. Babb v. Smith, 142 Okla. 264, 286 P. 805.

Our attention is not called to any case decided by this court holding that such an appeal from the county superintendent to the board of county commissioners does not lie. It therefore seems to me that, upon the authority of the foregoing decisions, we must say that the question of such right of appeal is in this jurisdiction a closed question of statutory construction by decision of this court. And that we must now follow that construction and sustain the right of such an appeal as was taken from the action of the county superintendent in this case, and as it was held in the above-cited cases might be so taken.

It must follow in this case that, since the appeal to the board of county commissioners did lie, the board of county commissioners did have jurisdiction to consider the appeal, and the judgment of the district court in the proceeding in certiorari, holding that the board of county commissioners was without jurisdiction, is erroneous, and that determination by the district court is properly reversed by the opinion of this court.

RILEY, C. J., and ANDREWS, OSBORN, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and SWINDALL and McNEILL, JJ., dissent.

---

### On Rehearing.

McNEILL, J. (dissenting). I dissent to the order of the court in refusing to grant a rehearing in this case. It is my view that the majority opinion is not correct.

This action grows out of an attempt to organize common school districts Nos. 34 and 36 of Carter county into a consolidated school district. I adopt the statement of the case in the brief of the plaintiffs in error, defendants in the trial court, as follows:

"During the month of October, 1929, petitions purporting to be signed by a majority of the legal voters of said districts Nos. 34 and 36 were presented to the county superintendent of Carter county, requesting that he call a meeting or election to be held in said districts for the purpose of voting upon the proposition of organizing said common school districts into a consolidated school district. Acting upon the petitions thus presented, the county superintendent found the same to be sufficient and entered an order calling an election as prayed for. Within ten days from the date of said order, an appeal was duly perfected by more than 25 per cent. of the legal voters of said district No. 34 from the making of said order, and the calling of said election to the board of county commissioners of Carter county. Notwithstanding the perfection of such appeal, the county superintendent of public instruction proceeded to hold election as called, and he thereafter declared said election to have carried, and said districts organized into a consolidated district.

"Thereafter, and on or about the 4th day of December, the whole matter came on to be tried on appeal before the board of county commissioners, and after trial de novo, said board found that the election was improperly called for the reason that the petition presented from district No. 34 was not signed by a majority of the legal voters of said district; and said board made and entered an order to that effect and reversed the action of the county superintendent. Thereafter, and on or about the 11th day of December, 1929, the defendants in error herein filed in the district court of Carter county, Okla.. their petition for writ of certiorari: and on said date the Honorable Asa E. Walden. judge of said court, made and entered an order in said cause, requiring the board of county commissioners of Carter county to certify the record to said court, and issued a writ of certiorari, as prayed for. Thereafter the plaintiffs in error, defendants in the trial court, filed their motion to dismiss and demur on jurisdictional grounds, and upon the further ground that the petition for the writ did not state facts sufficient to constitute a cause of action and to warrant the court in the issuance of the same.

"Thereafter said motion to dismiss and demurrer were heard by the court on the 10th day of January, and after due consideration, same were overruled, exceptions allowed to the plaintiffs in error in said cause, who thereupon gave notice of their intention to appeal to this court. Thereupon, the court set the matter down for trial, over the objections and exceptions of plaintiffs in error, and upon the 16th day of January, 1930, the court proceeded to hear the testimony of defendants in error, plaintiffs in the trial court; at the conclusion of which judgment was rendered for the plaintiffs, reversing the order of the board of county commissioners, and directing that the orders of the county superintendent in calling the election and organizing said school districts into a consolidated district be reinstated; to all of which the plaintiffs in error duly excepted, and gave notice of their intention to appeal to this court."

Plaintiffs in error contend that the question involved is whether or not the board of county commissioners had jurisdiction to review the action of the county superintendent in calling the election and declaring the districts involved to be a consolidated district; also, whether said board had jurisdiction to make and enter an order of reversal after a full and complete hearing in the matter, for the reason as found by said board that the petition presented from district No. 34, requesting the calling of a meeting or an election for the purpose of voting upon the question of consolidation, was not signed by a majority of the legal voters of said district No. 34.

Plaintiffs in error assert that by the terms of section 10462, C. O. S. 1921 [O. S. 1931, sec. 6915], the presentation to the county superintendent of a petition from district No. 34, signed by a majority of the legal voters thereof, was a condition precedent to the calling of an election for the purpose of establishing a consolidated school. In support of this contention the following authorities are cited: King v. State ex rel. O'Reilly, Co. Atty., 83 Okla. 297, 201 P. 641; King, Co. Supt., v. State ex rel. Gossett, Co. Atty., 126 Okla. 130, 258 P. 755.

Plaintiffs in error also urge that an appeal will lie to the board of county commissioners from an order of the county superintendent in calling an election for

the purpose of consolidating two or more districts. In support of this theory the aforesaid cases are cited; also, the case of State ex rel. Babb v. Smith, 142 Okla. 264, 286 P. 805. After citing the aforesaid authorities plaintiffs in error conclude that a petition signed by a majority of the legal voters of district No. 34, requesting the calling of an election for the purpose of consolidation, was a condition precedent to the calling of such election; and since an appeal lies from an action of the county superintendent in calling such election to the board of county commissioners, then it follows that the board of county commissioners had jurisdiction to review the order of the superintendent and to reverse and set aside the action of said superintendent. Plaintiffs in error state in their brief that if section 10321, C. O. S. 1921 [O. S. 1931, sec. 6771], is the controlling statute, then the action of the board of county commissioners is final. In support of this contention the case of School District No. 39 v. School District No. 20, 119 Okla. 292, 249 P. 690, is cited.

In summarizing their contentions, the plaintiffs in error state in their briefs as follows:

"In other words, it is our contention that if section 10321, supra, is the controlling statute, then the action of the board of county commissioners is final. The only matter presented to the court on certiorari was the question of jurisdiction of the board of county commissioners, and said court exceeded its authority and jurisdiction in proceeding to hear evidence in the case; while if section 7781, R. L. 1910, controls, then the remedy of the plaintiffs was by appeal from the action of the board of county commissioners to the district court; and since they chose to bring the matter before the district court by writ of certiorari, that court was wholly without authority to hear further evidence in the matter. The defendants stood upon the record and declined to introduce any evidence, for the reason as we view it, the district court had no authority to hear such evidence."

Finally, it is the position of the plaintiffs in error that the motion to dismiss and defendant's demurrer to the petition for writ of certiorari should have been sustained, and that the trial court committed reversible error in overruling the same and in rendering judgment for the plaintiffs.

The defendants in error have filed their motion to dismiss this appeal, but I do not consider this question, but pass to their contentions as to the merits. The defendants in error contend that the election was held, consolidation ordered, the district consolidated, and a consolidated school district organized, before the matter was tried before the board of county commissioners and before the board of county commissioners entered its order in said matter; that the board of county commissioners by its order attempted to set aside and hold for naught the election which was held in said school district. It is the contention of the defendants in error that the board of county commissioners was without jurisdiction to do so. Defendants in error also urge that the district court was not limited to inquire into the jurisdiction of the board of county commissioners and that the board of county commissioners did not have jurisdiction to entertain said appeal.

The real issue involved in this case is whether an appeal lies from the order of the county superintendent calling a special election for the purpose of voting upon the question of establishing a consolidated district to the board of county commissioners.

An examination of the briefs filed herein discloses an apparent conflict existing in authorities from this court and confusion arising in reference to section 7781, R. L. 1910, as to whether this section was repealed by section 11, art. 2, ch. 219, Session Laws 1913, which is section 10321, C. O. S. 1921, being substantially section 7701, R. L. 1910. This court has held that said section 7781, supra, was repealed by said section 11, art. 2, ch. 219, Session Laws 1913, supra. See Board of Education of City of Nowata v. McCracken, Co. Assessor, 62 Okla. 172, 162 P. 782 (1917); School District No. 7 v. Cunningham, 51 Okla. 261, 151 P. 633 (1915); School District No. 39 v. School District No. 20, 119 Okla. 292, 249 P. 690 (1926). However, in the cases, to wit, King v. State ex rel. O'Reilly, 83 Okla. 297, 201 P. 641 (1921), and Davis v. Whitehead, 86 Okla. 273, 208 P. 216 (1921), this court held that an appeal may be had to the board of county commissioners from the action of the county superintendent, and from that board to the district court, and from that court to this court, under the provisions of section 7781, supra. In this connection it is to be observed that the case of King v. State, ex rel. O'Reilly, supra, relies upon the case of Woolsey v. Nelson, 43 Okla. 97, 141 P. 436, but the facts in the Woolsey Case, supra, arose prior to the effective date of the Act of 1913. That act became effective January 1, 1914, and prior to that date said section 7781 was operative under the facts in the Woolsey Case, and as said section was repealed by the Act of 1913, it was of

no force and effect at the time of the rendition of the cases of King v. State ex rel. O'Reilly and Davis v. Whitehead, supra.

A review of the cases in this court shows that the court at the delivery of these opinions, King v. State ex rel. O'Reilly and Davis v. Whitehead, supra, overlooked the fact that this court had two times declared that said section 7781, supra, was repealed. The case of King v. State ex rel. Gossett, Co. Atty., 126 Okla. 130, 258 P. 755, follows the rule announced in the cases of King v. State, supra, and Smith v. State, 84 Okla. 283, 203 P. 1046, as authority for an appeal from the action of the county superintendent in calling an election for a consolidation of certain districts and providing for an appeal from the order of the county superintendent organizing said district under the provisions of said section 7781, supra. However, the court at the time of the delivery of this opinion, August 2, 1927, had heretofore, to wit, September 28, 1926, in the case of School District No. 39 v. School District No. 20, held that said section 7781 had been repealed by said Act of 1913, and cites in support thereof the cases of School District No. 7 v. Cunningham, supra, and Board of Education v. McCracken, supra. The court at that time apparently overlooked these three cases holding that section 7781, supra, had been repealed.

In an effort to clarify the divergent holdings of some of the opinions of this court on these questions, I desire to set out in detail the history of the legislative enactments dealing with sections 7701 and 7781, R. L. 1910.

Chapter 74, Revised Laws of 1910, entitled "Schools", contained 25 articles. These articles consider the following subjects:

1. School funds.
2. State Board of Education.
3. Agricultural education.
4. State Superintendent.
5. County superintendent.
6. Books and supplies.
7. Cities.
8. School districts.
9. District officers.
10. Bonds.
11. County high school.
12. Kindergartens.
13. Union or graded school districts.
14. County normal institutes.
15. Separate schools.
16. Teachers and certificates.
17. Compulsory attendance.
18. Miscellaneous.
19. University of Oklahoma.
20. Agricultural College.
21. Preparatory schools.
22. Normal schools.
23. Colored Agricultural and Normal University.
24. Girls' Industrial School.
25. School of Mines.

Chapter 219, Session Laws of 1913, approved May 22, 1913, was an act entitled as follows:

"An act prescribing laws for the government of the common schools of Oklahoma; and repealing conflicting laws."

The Act of 1913 included 17 articles dealing with the following subjects, to wit:

Article 1. State Superintendent.
Article 2. County superintendent.
Article 3. Districts and schools.
Article 4. Joint districts.
Article 5. District officers — meetings— finances.
Article 6. Independent districts—cities and towns.
Article 7. Consolidated districts.
Article 8. Union graded schools.
Article 9. Scholastic census.
Article 10. Agricultural and industrial education.
Article 11. Normal institutes and teachers' training courses.
Article 12. Kindergartens.
Article 13. Compulsory education.
Article 14. Examination of teachers.
Article 15. Separate schools for races.
Article 16. Transfer of pupils to other districts.
Article 17. Miscellaneous.

Section 15 of article 17, "Miscellaneous," provided:

"All acts and parts of acts in conflict with any provisions of this act are hereby repealed."

It is to be observed that the Act of 1913 did not cover the subject-matter of the following articles of said chapter 74, to wit:

Article 1. School fund.
Article 2. State Board of Education.
Article 3. Agricultural education.
Article 6. Books and supplies.
Article 7. Schools in cities.
Article 10. Bonds.
Article 11. County high schools.

The following articles of said chapter 74, to wit:

Article 4. State Superintendent.
Article 5. County superintendent.
Article 8. School districts.
Article 9. District officers.
Article 12. Kindergartens.
Article 13. Union or graded schools.
Article 15. Separate schools.
Article 16. Teachers and certificates.
Article 17. Compulsory attendance.
Article 18. Miscellaneous.

—were superseded by the Act of 1913. Sections 7806 to 7817, inclusive, R. L. 1910, were the only sections therein relating to the common schools which were not re-enacted in the Act of 1913. These sections dealt with the school district treasurer. This office no longer existed, and these duties were performed by the county treasurer. These duties are set forth in sections 34 to 40 of article 5 of chapter 219, S. L. 1913. Article 16, "Teachers and Certificates," R. L. 1910, was re-enacted as article 14, chapter 219, S. L. 1931, with additional sections 12 to 18, inclusive. Sections 7947 to 7957, R. L. 1910, relating to transfer of pupils, were omitted from the 1913 law. With these exceptions the entire law relating to common schools in R. L. 1910, is substantially re-enacted in the 1913 laws.

Sections 7781, R. L. 1910, dealing with the appeals of aggrieved persons, is omitted from the 1913 act. Said section is one of 21 sections, sections 7774 to 7794, inclusive, making up article 8, of chapter 74, R. L. 1910. No reference is made therein to the consolidation of school districts by the voters of any two or more adjacent school districts. Each one of said 21 sections is re-enacted in the 1913 act, almost word for word, with the exceptions of section 7774, providing that there should be maintained in each district a school for at least three months, section 7777, relating to assessing tuition fees, and said section 7781.

It seems apparent that said section 7781 was omitted from the 1913 act, because substantially the subject-matter of said section was covered by section 7701, R. L. 1910, dealing with division of county into school districts by the county superintendent, which was substantially re-enacted as section 11 of article 2 of said 1913 law.

All of said article 5 of chapter 74, R. L. 1910, entitled "County Superintendent," was substantially re-enacted as article 2 of said Act of 1913. Said section 7701 was section 5760, Stat. 1893, as amended by Laws 1897, p. 271, as amended by S. L. 1910, p. 202, and was a part of said chapter 74. Section 7781, R. L. 1910, was section 5767, Stat. 1893, as amended by Session Laws of 1895, page 240, and was a part of the chapter on "School Districts," being section 12 of article 1, "Duties of County Superintendents," of said Act of 1893, and related to the forming of school districts. Said section 5760 made it the duty of the county superintendent to divide the county into a convenient number of school districts, and to change such school districts when the interests of the inhabitants thereof required it and provided that any person interested might appeal to the board of county commissioners from the action of the county superintendent, but it did not expressly provide that the decision of the board of county commissioners should be final. Said section 5767, being section 4 of article 2. "School Districts," of the Act of 1893, provided for an appeal by any person or persons who felt aggrieved at the action of the county superintendent in the formation or alteration of or refusal to form or alter a school district to the board of county commissioners and expressly provided that their decision after conferring with the county superintendent should be final.

No appeal was provided by the Statutes of 1893 from the decision of the board of county commissioners. The right of appeal from the decision of the board of county commissioners to the district court was first provided by the Act of 1895, page 240, which amended said section 5767, Statutes of 1893, being section 7781, of R. L. 1910, primarily relating to the formation or alteration of school districts and the procedure for an appeal.

Said section 7781, R. L. 1910, is made up of two provisions. One provision provides for an appeal from the action of the county superintendent in the formation or alteration of, or the refusal to form or alter, school districts, to the board of county commissioners. The other provision provides for an appeal from the finding of the board of county commissioners to the district court by either party or any person residing in the school district affected by such formation or alteration. The first of these provisions is substantially contained in section 11 of article 2 of chapter 219, S. L. 1913, dealing primarily with school district boundaries, but the other is not. That was a matter within the discretion of the Legislature, as the subject-matter of appeal was fully covered by the 1913 Act.

Section 11 of article 2, ch. 219, S. L. 1913, contains the following:

"No district shall be changed under the provisions of this section, except upon a petition to the county superintendent of public instruction, signed by at least one-third of the qualified electors of the district petitioning for the change; provided, that one-fourth of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of such county superintendent, and their decision shall be final."

This provision making the decision of the board of county commissioners final is entirely inconsistent with the provisions in said section 7781, R. L. 1910, providing for an appeal from the decision of the board of county commissioners to the district court.

In the majority opinion this court said:

"We, therefore, hold that the provision of section 7781, supra, authorizing an appeal to the board of county commissioners from the action of the county superintendent in determining the sufficiency or insufficiency of a petition for the consolidation of two or more adjacent school districts or parts thereof, was not repealed by the 1913 act, supra; that the provision thereof authorizing an appeal from the action of the board of county commissioners to the district court was repealed by implication by that act, and that section 6771, O. S. 1931 (section 10321, C. O. S. 1921), authorizes an appeal to the board of county commissioners from the action of the county superintendent in determining the sufficiency or insufficiency of a petition for the consolidation of two or more adjacent school districts or parts thereof into a consolidated school district."

This holding is based upon the conclusion that any person or persons who feel aggrieved from the action of the county superintendent in determining the sufficiency of a petition for the formation or consolidation of school districts has the right of appeal to the county commissioners. Neither section 7781, R. L. 1910, nor the Act of 1913 provides for an appeal on any such question. No provision for such an appeal has ever been incorporated in any of the school laws. The appeal provided for in section 7701, R. L. 1910, section 11, art. 2, ch. 219, Session Laws 1913, or said section 7781, was from the action of the county superintendent in the formation or alteration of, or refusal to form or alter, a common school district, and does not deal with the question of calling an election for the formation and organization of a consolidated school district. The right of appeal is statutory and cannot be extended to cases which do not come within the statute. Cleal v. Higginbotham, 49 Okla. 362, 153 P. 64. In my opinion this court is judicially legislating and providing an appeal in this case when the same is not provided for by any section of our statute. This it cannot do.

Article 7 of chapter 219, S. L. 1913, as amended by the Act of 1917, c. 258, covers the entire subject of consolidated districts and superseded that part of article 13 of R. L. 1910 relating thereto, said article 13 being entitled "Union Graded Districts." Sections 10462, 10463, and 10464, C. O. S. 1921, deal with the formation and organization of consolidated school districts. These are the only sections strictly dealing with such subject. To consummate the consolidation of school districts, a majority of the votes cast at a special meeting in favor of the consolidation of the districts is required. The voice of the people governs on this question and not the action of the county superintendent. The procedure for the formation and organization of a consolidated school district is entirely different from the procedure in the formation or alteration of or refusal to form or alter school districts. The duties of the county superintendent relating to the formation or alteration of school districts are peculiarly within the province of the county superintendent. His acts in dealing therewith are quasi judicial, and the right of appeal therefrom exists; but his duties relative to the formation and the establishment of a consolidated school district are entirely different. The action of the county superintendent in declaring a consolidated district organized pursuant to vote of the people is clearly ministerial. King, Co. Supt., v. State ex rel., 126 Okla. 130, 258 P. 755. It is manifest that it was never the intention of the Legislature to provide for an appeal from the action of the people in voting for the establishment of a consolidated school district. On the contrary, it clearly appears that the right was extended to the people to determine by a majority vote whether they desired to establish a consolidated school district. If said election is illegal, any person aggrieved thereby has the right and authority to proceed under the law for relief from a redressible wrong, the same as in any other illegal election.

Section 8 of article 7 of chapter 219, S. L. 1913, specifically provided that in any and "all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws

are applicable." It is urged that by reason of this section the provisions relating to an appeal from the action of the county superintendent in forming or changing school districts is applicable. It is my opinion that the action of the county superintendent in dealing with the formation and consolidation of school districts is purely administrative and ministerial, and said section 8 has no application relating to an appeal from his ministerial acts in reference to calling or refusing to call an election for a consolidated district. For failure to perform such ministerial duty, the writ of mandamus is available. For an unauthorized and excessive application of his authority, power, and jurisdiction, proper relief is available. Gregg v. Hughes, 89 Okla. 168, 214 P. 904.

The action of the people in a regular and legal election in establishing a consolidated school district pursuant to section 1, art. 7, ch. 219, S. L. 1913, is not reviewable by an appeal to the board of county commissioners. This was the holding of this court in Cleal v. Higginbotham, supra. The court in the second syllabus paragraph in that case said:

"There is no constitutional provision or legislative enactment which provides for an appeal, either from the action of the county superintendent of public instruction to the board of county commissioners, or from the board of county commissioners to the district court, for the purpose of reviewing the action of the people themselves and the county superintendent in creating a consolidated school district, pursuant to section 1, art. 7, c. 219, Session Laws 1913."

. See, also, Lowe v. Consolidated School District No. 97, Blaine County, 79 Okla. 115, 191 P. 737.

In citing the case of King v. State, supra, 126. Okla. 130, 258 P. 755, I do not mean to uphold that opinion in so far as it deals with the right of appeal from the action of the county superintendent in passing upon the sufficiency of the petition for the consolidation of a school district and the cases relied upon therein upon that question. That portion of said opinion is not sound. It is my opinion that section 7781 was repealed by the Act of 1913, for the reason that the Legislature, by the Act of 1913, covered the whole subject-matter of the school laws, and in so doing said section 7781 was repealed. The general law applicable for such cases as announced in 59 C. J., section 520, p. 919, is as follows:

"Where a later act covers the whole subject of earlier acts, embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the Legislature, and to prescribe the only rules in respect thereto, it operates as a repeal of all former statutes relating to such matters."

See, also, Garnett v. Goldman, 39 Okla. 516, 135 P. 410; Hudson v. Ely, 36 Okla. 576, 129 P. 11.

I contend that the only appeal from the action of the county commissioners in reference to matters relating to the formation or alteration of school districts was by section 7781, R. L. 1910, being section 5767, Stat. 1893, as amended by Sess. Laws 1895. This right of appeal from the action of the county commissioners was omitted in the laws of 1913.

Should the county superintendent act in excess of his jurisdiction, power, or authority, in the formation of a consolidated school district, his acts may be reviewed by writ of certiorari (Gregg v. Hughes, 89 Okla. 168, 214 P. 904); or by mandamus (State v. Ross, 76 Okla. 11, 183 P. 918); or by some other proper proceeding on behalf of a party aggrieved. It is my opinion that all our prior decisions in conflict with the views herein expressed should be expressly overruled.

This court, in its supplemental opinion on rehearing in support of its opinion, that an appeal lies from the county superintendent to the board of county commissioners, cites the following cases, to wit: King v. State ex rel. O'Reilly, 83 Okla. 297, 201 P. 641; Smith v. State ex rel. Barry, 84 Okla. 283, 203 P. 1046; Davis, County Supt., v. Whitehead, 86 Okla. 273, 208 P. 216; School District No. 39 v. School District No. 20, 119 Okla. 292, 249 P. 690; King, Co. Supt., v. State ex rel. Gossett, 126 Okla. 130, 258 P. 755; State ex rel. Babb v. Smith, 142 Okla. 264, 286 P. 805.

It is to be observed that the first case, King v. State ex rel. O'Reilly, supra, was an action in the nature of quo warranto, brought on relation of the state in the name of the county attorney against the officers of a consolidated school district to test the validity of the organization of said consolidated school district and to cancel bonds issued by said school district. The opinion was based upon the theory that the right of appeal existed. This court in that case said:

"This court, in the case of School District 68, Noble County, v. Wollingford, 69 Okla. 174, 170 P. 901, held that section 7781, Rev. Laws 1910, was applicable in

a case, where certain portions of a consolidated district were attempting to be detached from a consolidated district, and in that case an appeal was prosecuted from an action of the county superintendent to the board of county commissioners, and from the board of county commissioners to the district court, and from there to this court. If we apply the law announced above to the facts in the case at bar, when the county superintendent made an order calling the meeting of the voters he necessarily had to decide that the petition contained one-half of the legal voters of the district, and any person feeling aggrieved could have appealed from said order to the county commissioners, but no appeal was taken. Having failed to appeal, the order is not subject to attack in this proceeding in the absence of fraud. We think the rule is well settled that where parties are granted the right of appeal from a judgment upon a question of fact and an opportunity to be heard and where they fail to exercise that opportunity, they cannot thereafter attack the finding upon a question of fact, in a collateral proceeding."

If the right of appeal existed, the opinion is correct. If no right of appeal existed by reason of section 7781, R. L. 1910, having been repealed, then the conclusion reached by the court in that case, to the effect that the legality of the election could not be inquired into in a quo warranto proceeding, in my opinion, was wrong, as I have heretofore pointed out that section 7781, supra, was repealed, as held by this court in two decisions, in, to wit, 1915 and 1917, which decisions evidently were not called to the attention of the court at the time of the rendition of the opinion of King v. State ex rel. O'Reilly, supra.

In the case of Smith v. State ex rel. Barry, supra, the court considered an action in the nature of quo warranto on the relation of the county attorney against the pretended officers of a consolidated school district, praying dissolution of said consolidated school district and that said officers be enjoined and restrained from acting as such officers. The purpose of the action was to test the validity of the consolidated school district. This case is also wrong in my opinion. It relies upon the cases of King v. State ex rel. O'Reilly, and Davis v. Whitehead, supra. If said section 7781 had not been repealed, there would have been foundation for the conclusion arrived at in the opinion.

In the case of Davis, Co. Supt., v. Whitehead, supra, the court considered the question of restraining the county superintendent from holding an election which had been called by said superintendent for the purpose of voting upon the consolidation of certain school districts. In that action the plaintiff sought to enjoin the holding of said election upon the ground that no valid petition had been filed, it being alleged in the petition that said petition was insufficient because a majority of the voters of district No. 150 had withdrawn their names from the petition prior to the issuance of the call of the election, and also that proper notice had not been given for said election. In that case, the court said:

"In the case at bar the plaintiff, under section 7781, Revised Laws 1910, had the right to appeal from the action of the county superintendent of education in issuing the call for the election to the board of county commissioners, and if the board of county commissioners on appeal were adverse to his contentions, he had the right to appeal to the district court, and from the judgment of the district court to the Supreme Court.

"County superintendents of education in passing upon the sufficiency of petitions authorizing the issuing and calling of elections exercise a discretionary power, and from such action in determining the sufficiency of the petition and calling the election under said section of the statute, supra, any aggrieved person is afforded a plain and statutory remedy to correct any errors of the superintendent in calling the election by appeal. Woolsey v. Nelson, 43 Okla. 97, 141 P. 438; School District No. 68. Noble County, v. Wollingford, 69 Okla. 174, 170 P. 901. See King v. State ex rel. O'Reilly, opinion filed September 13, 1921, 83 Okla. 297, 201 P. 641."

It is apparent that the court did not consider in that opinion its prior decisions holding that section 7781, supra, had been repealed.

In the case of School District No. 39 v. School District No. 20, 119 Okla. 293, 249 P. 690, the court considered whether an appeal may be taken from the order of the board of county commissioners, altering or changing the boundaries of school districts, to the district court. It appears from the facts as revealed in the opinion in that case that, during the year 1921, consolidated district No. 30 was formed from four other school districts, and thereafter a strip of territory was detached from one of said school districts and attached to said consolidated district. In 1923, by a vote of the qualified electors of said consolidated school district, said consolidated school district was dissolved, and the county superintendent issued his proclamation to that effect, and re-established the aforesaid district as required by section 10481, C. O. S. 1921 [O. S. 1931, sec. 6938]. The

board of county commissioners reversed the order of the superintendent, and from this order an appeal was perfected to the district court. On motion of one of the school districts, the appeal to the district court was dismissed for want of jurisdiction, and from said order and judgment an appeal was perfected to this court. In passing upon the questions involved in that appeal, the opinion by Commissioner Jarman, delivered September 28, 1926, specifically states:

"The only question involved here is whether an appeal may be taken from the order of the board of county commissioners, altering or changing the boundaries of school districts, to the district court. * * *

"Besides, this court has held that section 7781, R. L. 1910, was repealed by section 7701, R. L. 1910. School District No. 7 v. Cunningham, 51 Okla. 261, 151 P. 633; Board of Education v. McCracken, 62 Okla. 173, 162 P. 782."

Reference is also made therein to the case of King v. State ex rel. O'Reilly, supra, and Davis v. Whitehead, supra, as cited by the plaintiff in error in that case to sustain the right to appeal from the order of the board of county commissioners to the district court. The court in its opinion said:

"In the first place, both of the cited cases deal with consolidated school districts, whereas the instant action merely involves the changing or altering of the boundary of a common school district. In the case of King v. State ex rel. O'Reilly, supra, an election was called by the county superintendent for the purpose of determining whether certain common school districts ought to be combined as a consolidated district. The sufficiency of the petitions filed with the county superintendent for the purpose of consolidating the districts was questioned, and the county superintendent held them to be sufficient and called the election. which resulted in consolidation. An action then was instituted in the district court in the nature of quo warranto, to test the validity of the consolidation, and this court held that an appeal lay from the action of the county superintendent to the county commissioners, and, from their ruling or order, to the district court. An appeal from the action of the county commissioners to the district court was not involved in that case, and the unfortunate language used in the body of the opinion. that an appeal lay from the action of the county commissioners to the district court, is purely dictum. The court properly held in that case that an appeal lay from the action of the county superintendent to the board of county commissioners, and that was sufficient for the purposes of the opinion."

But from a careful reading of this opinion, I conclude that this court in that opinion drew the wrong conclusion in reference to what was termed "dictum" in the .case of King v. State ex rel. O'Reilly, and must have concluded that an appeal lies from the action of the county superintendent to the board of county commissioners, under section 10321, C. O. S. 1921 [O. S. 1931, sec. 6771], though it did not expressly so hold. Even under that theory there is no support for such conclusion, because said section 10321 has no application to the formation and organization of a consolidated school district. It is my opinion that if section 7781, supra, was repealed, then there was no right of appeal and the action of quo warranto was proper in the O'Reilly Case.

In the case of King, Co. Supt., v. State ex rel. Gossett, supra, this court considered an action in the nature of quo warranto on the relation of the county attorney of Pushmataha county against the consolidated school district No. 5, to dissolve the same, or, as stated in the opinion, to declare that said consolidated district was never legally organized. The court in its opinion stated:

"We realize, therefore, the only question before us to determine is whether or not it was necessary for the county superintendent to post notices of his order forming the new district."

In that opinion the court cites sections 10462, 10463, and 10464, C. O. S. 1921 [O. S. 1931, secs. 6915-6917], as being the only sections authorizing the consolidation of school districts, and held that the consolidation can only be accomplished by a vote of the qualified electors of the district. It is my view that this opinion attempts to legislate judicially when it says:

"Construing the statutes in reference to common school districts and consolidated school districts together, we think that when the county superintendent acts in a judicial or quasi judicial capacity, that an appeal will lie to the county commissioners, but if this act is purely ministerial, then we do not think an appeal is authorized."

No section of the statute is cited to support such theory, and reliance of this case was based on the case of King v. State, 83 Okla. 297, 201 P. 641, wherein the court also followed the cases of King v. O'Reilly, and Davis v. Whitehead, supra, and overlooked as heretofore noted the repeal of section 7781, which had doubtless not been called to the attention of this court at the delivery of this opinion.

In the case of State ex rel. Babb v. Smith, supra, filed February 25, 1930, the court considered an action in quo warranto. The question involved an appeal from a judgment sustaining the formation of a consolidated district which had been formed out of certain common school districts. It was agreed in that case in the formation of the consolidated district no petition signed by one-third of the qualified electors of district No. 58 was ever presented to the county superintendent as required by section 10321, C. O. S. 1921. In that opinion, it was said:

"The county superintendent passed upon the petition in the first instance and approved it. An appeal lay to the board of county commissioners under the statute. In King v. State ex rel. O'Reilly, County Atty., 83 Okla. 297, 201 P. 641, it was held that in the absence of fraud the petition for consolidation could not be inquired into in a quo warranto proceeding; that the sufficiency of the petition was not open to collateral attack."

It is apparent from these cases that there is no statute existing by which an appeal may be taken from an order of the county superintendent in holding a petition sufficient and calling an election for the formation and organization of a consolidated school district. To have the right of appeal, some statute must exist to authorize the same. I contend that there is no such statute existing granting this right of appeal relative to the formation and organization of a consolidated school district. The plaintiffs, being the defendants in error, sought a proper method in this case, a writ of certiorari, to review the action of the county commissioners.

Where the county superintendent or the county commissioners are exercising power and authority to perform acts or enter orders in excess of their power and jurisdiction, these acts may be reviewed by writ of certiorari.

In the case of Gregg v. Hughes, 89 Okla. 168, 214 P. 904, this court considered the writ of certiorari involving the action of the county superintendents of Murray and Garvin counties, in attaching territory to a consolidated school district. In that case this court said:

"In the absence of other remedy, the common-law writ of certiorari will lie to review the question of jurisdiction, power, and authority to perform acts or enter orders which are judicial or quasi judicial in their nature, such as are the acts in question here. Wulzen v. Board of Supervisors, 101 Cal. 15, 35 P. 353, 40 Am. St.

Rep. 17; People v. Featherstonhaugh, 172 N. Y. 112, 64 N. E. 802, 60 L. R. A. 768; Note 30 L. R. A. (N. S.) 131; Barry v. Blackhawk County Dist. Ct., 167 Iowa, 306, 149 N W. 449; Woolsey v. Nelson, 43 Okla. 97, 141 P. 436; King v. State ex rel. O'Reilly, 83 Okla. 297, 201 P. 641; Davis v. Whitehead, 86 Okla. 273, 208 P. 216."

I conclude that said section 7781 has been repealed as heretofore announced by this court in the aforesaid cases, to wit, Board of Education v. McCracken; School District No. 7 v. Cunningham; School District No. 39 v. School District No. 20, supra, by reason of the fact that the legislative act of 1913 covered the whole subject-matter of the school law, and which was a substitution for all of the earlier acts of the Legislature on this question, and it operated as a repeal of all former statutes relating to the subject-matter governed by said section 7781. I also conclude that there is no right of appeal from the vote of the people in establishing a consolidated school district, or the ministerial act of the superintendent relative thereto.

It is my opinion that the decision of the board of county commissioners in the instant case in attempting to reverse the action of the county superintendent was properly reviewable by the district court by certiorari, and that the judgment of the trial court in holding that the board of county commissioners had no authority to review on appeal the action of the county superintendent relating to the calling of an election for a consolidated school district should be sustained.

I am authorized to say that Mr. Justice SWINDALL concurs in the views herein expressed.